Alexander Estate.

Argued April 30, 1964. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Henry Thomas Dolan,* with him *Catello Pizza,* for appellants.

*Joseph E. Greene, Jr.,* with him *Paul I. Guest,* and *Grubb, Guest & Littleton,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, May 27, 1964:

On this appeal, we need not and, indeed, on the record presented, cannot reach the merits. The decree appealed from is clearly interlocutory and not appealable. The appeal, therefore, must be quashed.

Decedent died in New Jersey, and the administration of her estate has been undertaken in the appropriate court there. Appellants, residents of Pennsylvania, claim to be personal representatives and trustees under a holographic will alleged to be in decedent's safety deposit box in a New Jersey bank. Appellants filed a petition with the Register of Wills of Delaware County for a citation to enforce production of the will, alleging that decedent died a domiciliary of Pennsylvania. This action was opposed by decedent's next of kin and others, who contend that decedent was domiciled in New Jersey.

Appellants also petitioned the orphans' court, to which the matter was certified by the register, for a citation against six respondents (five individuals and a banking corporation), all of New Jersey, to produce the will. In another petition, appellants seek an injunction restraining the New Jersey residents and also eleven Pennsylvania corporate depositories from dis-

posing of certain assets of decedent alleged to be in their possession.

The court granted a citation, and the New Jersey residents and the New Jersey bank filed preliminary objections. The court sustained the preliminary objections filed by the New Jersey residents not served in Pennsylvania and who did not voluntarily submit to its jurisdiction. The decree, however, retained jurisdiction over others properly served in the Commonwealth or before the court by general appearance and over assets located within Pennsylvania. No order issued compelling production of the will.

As we have already noted, our examination of the decree and record satisfies us that the decree is preliminary and interlocutory, not definitive or final, and does not constitute an appealable determination. The decree does not terminate a legal controversy nor does it preclude any of the parties from further action in the court below. On the contrary, the decree, by its express terms, specifically preserves all rights which the parties properly before the court may have "pending further proceedings in due course" relating to the estate.

In the absence of statutory authority—and there is none here—piecemeal or interlocutory appeals are not permitted. A decree, to be appealable, must be definitive and one that determines finally the cause. It is not final unless the order or decree concludes the litigation between the parties to the proceeding and precludes them from further action in that court. *Stadler v. Mt. Oliver Borough*, 373 Pa. 316, 95 A. 2d 776 (1953).

The right of appeal granted by §771 of the Orphans' Court Act, August 10, 1951, P. L. 1163, 20 P.S. §2080.771 (Supp. 1963), to "any party in interest who is aggrieved by a final order or decree of the orphans' court . . ." means an order or decree having the characteristics of finality just described.

The court below obviously could make no final disposition of any aspect of the decedent's estate since it did not have before it the probate of decedent's will, the administration or distribution of her estate, or all the parties in interest.

The petitions for citations filed here are somewhat analogous to a petition for the taking of depositions in the court of common pleas without any complaint or summons ever having been filed. These petitions are ancillary to actions or causes which do not exist of record. Hence, the court's disposition of such anticipatory requests for relief do not furnish a basis for appellate review.

Appeal quashed. Each party to pay own costs.