Love, Administrator, *v.* Temple University, Appellant.

Argued May 26, 1966. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*John J. Dautrich,* with him *John Francis Gough,* and *White & Williams,* for appellant.

*Joseph D. Shein,* with him *Harold K. Don, Jr.,* for appellee.

OPINION BY MR. JUSTICE JONES, June 24, 1966:

M. A. Love, personal representative of the Estate of J. A. Love, deceased, on *August 20, 1959,* instituted a trespass action in the Court of Common Pleas No. 6 of Philadelphia County against Temple University [Temple], and four physicians. Temple filed preliminary objections on the ground that, as a charitable institution, it was immune from liability for the torts of its servants.[1] *On August 31, 1961,* Judge BERNARD KELLEY sustained Temple's preliminary objections and *dismissed* the complaint as to Temple. *No appeal from that order was ever taken.*

The trespass action against the four physicians is still pending. *On March 22, 1965,* this Court, in *Flagiello v. Pennsylvania Hospital,* 417 Pa. 486, 208 A. 2d 193, abolished the doctrine which rendered charitable institutions immune from tort liability. Thereafter, *on September 17, 1965,* Love secured a rule upon Temple to show cause why Judge KELLEY'S order of August 31, 1961, should not be vacated and, on March 29, 1966, Judge KELLEY vacated his previous order and reinstated Love's complaint against Temple. From that order this appeal has been taken.

The rationale of the court below in vacating its previous order is: (a) that the only right to appeal from an order upholding preliminary objections arises under Pa. R.C.P. 1451(b)(7) which grants the right to appeal only when a jurisdictional issue is involved;[2] (b) that, since an appeal from the previous order

---

[1] On behalf of the physicians responsive answers were filed.

[2] Rule 1451(b)(7) provides for the suspension by the Rules of Civil Procedure of §§1 and 2 of the Act of March 5, 1925, P. L.

would not have raised a jurisdictional issue, such an appeal would have been from an interlocutory, not a final, order; (c) since the order was interlocutory, the court retained the power to vacate or modify such order (*Markofski v. Yanks*, 297 Pa. 74, 77, 78, 146 A. 569).

The thrust of this appeal is as to the power and authority of the court below to vacate its previous order which, in turn, depends upon the *nature* of the previous order. Stated otherwise, did the failure of Love to appeal from the previous order preclude an attack four years later on the validity of such previous order?

Whether the previous order of Judge KELLEY was appealable depends upon whether such order effectively concluded the instant proceeding against Temple so that it constituted a *final* order.[3] The *language* of the order of August 31, 1961, fully answers this inquiry. In that order the court stated: "Preliminary objec-

23, No. 15, 12 P.S. §§672, 673, except insofar as they relate to appeals. Such sections provided: "Wherever in any proceeding at law or in equity the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings or with depositions, as the case may require; and the decision may be appealed to the Supreme Court or the Superior Court, as in cases of final judgments. 1925, March 5, P. L. 23, §1."

"All such preliminary questions shall be raised by petition setting forth the facts relied upon, whereupon a rule to show cause shall be granted, and such preliminary question disposed of by the court. Such procedure shall be deemed de bene esse only and shall not operate as a general appearance. 1925, March 5, P. L. 23, §2."

[3] Inferentially at least, Love seems to concede that had Temple been the *sole* defendant in this action the order would have been final and appealable. However, Love contends that, since Temple was not the *sole* defendant, a different rule prevails: *Westbury Realty Corp. v. Lancaster Shopping Center, Inc.*, 396 Pa. 383, 152 A. 2d 669; *Sullivan v. Philadelphia*, 378 Pa. 648, 107 A. 2d 854; *Ahrens v. Goldstein*, 376 Pa. 114, 102 A. 2d 164. In *Westbury*, we held that, where preliminary objections are sustained with leave to

tions of defendant Temple University sustained. The Complaint as to Temple University is dismissed (KELLEY, J.). . . ." It is clear beyond question that Judge KELLEY *dismissed* the complaint against Temple; such action rendered definitive and final the order and an appeal therefrom would have been from a final order.

Love could and should have taken an appeal from the previous order: the failure to do so renders the doctrine of *res judicata* applicable and precludes the vacation of the order after the time of appeal has passed.

Love relies upon *Alexander Estate,* 414 Pa. 474, 200 A. 2d 865 and unreported opinion in *Driver v. St. Joseph's Hospital* (E.D. Pa. Civil Action 34521) ; the former is inapposite and the latter not controlling. Moreover, the policy against "piece-meal determination" of litigation recently expressed in *Adcox v. Pa. Manufacturers' Association Casualty Insurance Co.,* 419 Pa. 170, 175, 213 A. 2d 366, has no application to the instant situation.

That the order of August 31, 1961, was an appealable order is clear: *Griffith v. United Air Lines, Inc.* 416 Pa. 1, 203 A. 2d 796; *Michael v. Hahnemann Medical College,* 404 Pa. 424, 172 A. 2d 769; *Stouffer v. Morrison,* 400 Pa. 497, 162 A. 2d 378; *Ciletti v. Washington,* 378 Pa. 641, 107 A. 2d 871. The failure of Love to attack by way of appeal the order of August 31, 1961, renders that order res judicata of his present contention. Cf. *Delaware River Port Author-*

---

amend the complaint, if the leave to amend is limited in scope, the order is definitive and appealable. In *Sullivan* (p. 649), we held that, where "preliminary objections in the nature of a demurrer to a complaint are sustained *without further action of the court"*, (emphasis supplied) the order is not final or definitive. In *Ahrens* (p. 121), we held that "a decree which sustains a preliminary objection *without dismissing* the bill is interlocutory" (emphasis supplied).

*ity v. Pennsylvania Public Utility Commission*, 408 Pa. 169, 182 A. 2d 682.

In view of the conclusion reached we need not consider Temple's contention as to the propriety of the manner of service of the petition to vacate the order.

Order reversed.

Mr. Justice MUSMANNO dissents.