## Gasbarine Estate v.
## Medical Center of Beaver County, Inc.

*Harry Knafele,* for plaintiff.
*Gretchen Reed* and *Bruce Woodske,* for defendants.

KLEIN, *J.*, January 29, 1976—The matter before the court is plaintiff's petition to reinstate complaint in trespass and to amend caption of complaint to include the name of the personal representative. As the title of the petition indicates, it is, indeed, an unusual matter. The underlying facts are yet more unique and their rarity is a redeeming element concerning the involvement of some members of the legal profession with plaintiff herein.

## I. HISTORY OF PROCEEDINGS

| | |
|---|---|
| June 20, 1974 | Praecipe for Writ of Summons |
| July 29, 1974 | Praecipe to reissue |
| September 11, 1974 | Praecipe for Rule to File Complaint by defendant Medical Center |
| September 16, 1974 | Praecipe to reissue Writ as to and to serve defendant Hetzler |
| October 15, 1974 | Complaint in Trespass (One-count complaint including causes of action for wrongful death and survival action. The death occurred on June 26, 1973; the negligence alleged concerns an operation performed on defendant prior thereto and the post-operative care until time of death.) |
| November 15, 1974 | Preliminary Objections by defendant Medical Center |

| | |
|---|---|
| November 25, 1974 | Preliminary Objections by defendants Goggin and Hetzler |
| January 31, 1975 | Opinion of Court sustaining Preliminary Objections and dismissing complaint without leave to amend |
| September 5, 1975 | Appearance of plaintiff's successor counsel entered |
| September 5, 1975 | Instant Petition and Rule to Show Cause Issued upon all defendants |
| November 6, 1975 | Oral Deposition of Ann Gasbarine |
| December 27, 1975 | Oral Argument |

## II. ADDITIONAL PERTINENT HISTORY

### A. *Previous Suit Filed*

On September 26, 1973, exactly three months after death of instant decedent, plaintiff, by the same original counsel, filed an action in trespass by praecipe for writ at no. 1485 of 1973. There is no doubt that it involved the same causes of action. Defendants, Medical Center and Goggin, were named as defendants at no. 1485 but defendant, Hetzler, was not included as a party at no. 1485. A judgment of non pros. was entered on September 20, 1974, the rule to file a complaint having been issued on December 18, 1973. (It should be noted that praecipe for judgment of non pros. was not filed until three months after instant praecipe for writ of summons was filed; nine days after defendant, Medical Center, filed instant praecipe for rule to file complaint, and two days after appear-

ance of counsel for defendants, Goggin and Hetzler, was entered.)

## B. *Plaintiff's Counsel*

Counsel who filed both actions on behalf of plaintiff was Franklin D. Rubin, Esq., of Philadelphia. Mr. Rubin was suspended from practice by our Supreme Court on November 27, 1974. This court became aware of said fact at oral argument held on January 13, 1975.

A few days prior to said argument date, a woman called this court's secretary, purporting to be "Attorney" Rubin's secretary, and advised that Mr. Rubin could not be present for oral argument as scheduled and requested a continuance. The court secretary advised the caller that requests for continuance must be in writing and presented to the President Judge in accordance with our local rules and practice or it might suffice if presented to the motion judge, who sits regularly at 9 a.m. on each and every court business day. No such petition for continuance was presented. A copy of the Court order of January 31, 1975, was mailed to Ann Gasbarine, widow of decedent, who was not appointed administratrix of plaintiff-estate until August 14, 1975, as well as to counsel of record, Mr. Rubin.

## III. ADDITIONAL PERTINENT FACTS

Within three weeks following Mr. Gasbarine's death, the widow, and a son consulted a veteran, able Beaver County trial lawyer with considerable experience. Said attorney indicated that he was too busy to handle it and would give it to his younger associate. The associate is also an able and experienced trial lawyer who has handled virtually all of

the partnership's civil trial work the past few years. He also indicated that he would call the Gasbarines, but never did follow-up. When they did not hear from the lawyer, the Gasbarines then consulted with another local attorney who happens to be the busiest private criminal defense counsel in the county, and who also tries civil cases on occasion. (His partner is an experienced and able plaintiff's counsel who has enjoyed considerable success. Another associate has heavy criminal defense trial experience.) This second lawyer consulted by the Gasbarines also said he was busy and added that he did not think much of the prospects for success. (Of course, he may be right.) Next, the son consulted with an unnamed lawyer in Pittsburgh who also declined to take the case because he was too busy.

The Gasbarines learned of Mr. Rubin from articles in the Beaver County Times. Mr. Rubin had been retained by a citizens group to file suit against the defendant hospital with its purpose to block construction of a large new central hospital to be accompanied by the closing, for general hospital use, of three local hospitals which have served the citizens for many, many years. Following their experience with two local lawyers and one Allegheny County attorney, it is of little wonder that they seized upon the opportunity to consult with and retain Mr. Rubin when they learned that he would be in the county. Quite understandably they perceived Mr. Rubin as a "Philadelphia" lawyer who had no "fear" of suing doctors and hospitals.

As noted above, Mr. Rubin filed the first suit on September 26, 1973, three months to the day following the death. The second and instant suit was commenced on June 20, 1974, six days prior to the

expiration of the one-year statute of limitations for wrongful death. The complaint subsequently filed alleges that Ann Gasbarine "was duly appointed Administratrix." The preliminary objections to the complaint alleged that she had not been so appointed although it acknowledges that an application for letters was on file and no letters issued solely because the requisite bond was not filed. The preliminary objections contained a notice to plead but no answer to preliminary objections was filed on behalf of plaintiff. We sustained the preliminary objections and ordered the complaint dismissed because an estate cannot be a party. We cited Appeal of the Estate of W. L. Powell, 80 Pa. Superior Ct. 585, at 586, 587 (1923); Casner v. Fisher, 22 D. & C. 2d 1 (1960), and cases cited therein.

When we learned at argument that Mr. Rubin had been suspended from practice, we briefly considered scheduling another argument, notifying Mrs. Gasbarine and giving her an opportunity to retain another lawyer. However, we opted for entering the dispositional opinion and order and sending a copy direct to Mrs. Gasbarine, as well as to counsel of record. We did so because it appeared to us that the law was so clear with respect to an estate being a party, that no lawyer could successfully contest said preliminary objection. It should be noted here that there were other preliminary objections, consideration of which was not necessary.

Defendants urge herein that plaintiff's petition should be denied notwithstanding what "equity" she may have "earned" by the foregoing litany because following receipt by her of the Court order on February 1, 1975, there remained nearly five months for her to act prior to the expiration of the two-year statute of limitations with respect to the

survival action, although the one-year death action limitation had passed. If, in fact, Mrs. Gasbarine had done nothing during the interval from February 1, until September 5, 1975, when the instant petition was filed, such a contention *might* merit some consideration. However, the Gasbarines did more than nothing. The undisputed facts are that they did the following:

1. Made several unsuccessful attempts to contact Mr. Rubin by telephone; and

2. Contacted a Mrs. Richards (leader of the above-mentioned Citizens Committee) who assured them, "He's my lawyer, he's all right" ; and

3. Contacted State Senator Ross for assistance;

4. Contacted Congressman Myers; (Little wonder that they did not seek out a lawyer); and

5. Contacted the Supreme Court of Pennsylvania (were advised to get another lawyer and responded that nobody in Beaver County wanted to take the case); and

6. The son, while on a trip to California, consulted with a lawyer there who provided him with the name of a Pennsylvania lawyer, a Mr. Fine. Mr. Fine referred the matter to plaintiff's present counsel who filed his appearance and the instant petition just seven months following the court order of January 31, 1975. Although the specific date is not spelled out, Mrs. Gasbarine went to Philadelphia to see Mr. Fine sometime in August 1975.

Although the testimony given by Mrs. Gasbarine at the oral deposition is not precise with respect to contacting other lawyers, it appears that her son contacted many lawyers. He also wrote to the Disciplinary Board and its response of April 25, 1975, advised also to seek another lawyer. A fair inference is that the son did seek to retain a lawyer after

receipt of that letter but without success until the visit to Attorney Fine.

## IV. DEFENDANTS' CONTENTIONS

The contentions of defendants may be summarized as follows: (1) that this court lacks jurisdiction to entertain the instant petition; (2) that if the court has such jurisdiction, it should deny the relief requested because there is no provision in the Rules of Civil Procedure for such a petition; (3) that a complaint may not be reinstated after the running of the statute of limitations; (4) that the caption of a complaint may not be amended (by, in effect, substituting or naming a proper party-plaintiff after originally naming an estate which is not a proper party) after the running of the statute; and (5) that defendants should not be prejudiced by the conduct of plaintiff's attorney, the prejudice being the elimination of a complete defense, the statute of limitations.

### 1. *Court's jurisdiction to entertain petition.*

Defendants urge that the order sustaining their preliminary objections and dismissing the complaint was a final, appealable order and that an appeal from that order to the Superior Court is the only permissible action with respect thereto, citing Beaver Valley Water Co. v. Penna. Public Utility Commission, 140 Pa. Superior Ct. 297, 14 A.2d 205 (1940); Love v. Temple University, 422 Pa. 30, 220 A.2d 838 (1966); and Catanese v. Scirica, 437 Pa. 519, 263 A.2d 372 (1970).

There is no doubt that there exists a rule of law, as stated in the Beaver Valley case, supra:

"A party litigant cannot be permitted by a motion or petition to reconsider, or hear and modify, an

appealable order from which no appeal was taken within the statutory period allowed by law, to reopen the matter thus disposed of and thereby nullify the limitation for appeal fixed by statute."

2. *Provisions of Pennsylvania Rules of Civil Procedure.*

Defendants' contend that, in any event, the petition should be dismissed because there is no provision for same in our rules of civil procedure. Pa. R.C.P. 1010 is the only rule which specifically deals with the reinstatement of complaints and provides as follows:

"(a) The prothonotary, upon praecipe and upon presentation of the writ or the complaint, shall continue its validity by reissuing the writ, or reinstating the complaint, by writing thereon 'reissued', in the case of a writ, or 'reinstated', in the case of a complaint.

"(b) A writ may be reissued or a complaint reinstated at any time and any number of times. A new party defendant may be named in a reissued writ or a reinstated complaint."

There can be no doubt that said rule does not speak to the type of reinstatement of complaint sought herein. However, we are a trial court "having unlimited original jurisdiction in all cases . . .": Pa. Constitution, article V, sec. 5, and, Pa. R.C.P. 206, et seq. provides for petitions and answers without specification or limitation. See discussion hereinafter in re "Jurisdiction."

3. *Reinstatement of complaint after the running of the statute of limitations.*

There is no doubt that there exists a general rule of law which holds that a complaint cannot be

reinstated after the running of the statute of limitations. See Will v. Malosky, 432 Pa. 246, 247 A.2d 788 (1968); 2 Anderson, Pa. Civ. Prac. §1010.5; and 1 Goodrich-Amram, §1010(b)-(1).

4. *Amending the caption of a complaint to name a proper party-plaintiff when the originally designated plaintiff is not a proper party after the running of the statute of limitations.*

Again, there can be no doubt that such an amendment ordinarily is not permissible. See Mallick v. Middleton Township, 60 D. & C. 2d 79, 23 Bucks 241 (1972).

5. *Defendants should not be prejudiced by conduct of plaintiff's attorney.*

Once again, as a general rule, a party is bound by the acts or omissions of counsel retained by the party; and, we need cite no authority for the proposition that one party to a law suit ought not to be prejudiced by such conduct of the other party's counsel, especially when there is no suggestion that the party in any way contributed to or precipitated same or otherwise "misled" the adversary party with respect thereto. In this case, a defense counsel went out of his way, by writing a letter to the party, to alert petitioner to lack of diligence on the part of the lawyer she had retained.

## V. DISCUSSION

1. *Jurisdiction to entertain petition, Rules of Civil Procedure and power to grant relief.*

We are satisfied that this court has jurisdiction to entertain the instant petition.

"Although it has been held that 'jurisdiction' relates solely to the competency of the court to hear and determine controversies of the class to which the case immediately presented belongs, the word embraces every kind of judicial action . . .

"Jurisdiction is the capacity to pronounce a judgment of the law on an issue brought before the court by due process of law. It is the right to adjudicate concerning the subject-matter in a given case, and this implies that the court must have cognizance of the class of cases to which the one to be adjudicated belongs. The proper parties must be present and the decision must be within the issues . . .

"Jurisdiction rests on power and not on consent. In relation to courts, 'jurisdiction' and 'power to grant relief ' are not interchangeable, the test of jurisdiction being whether the court has power to enter on the inquiry, and not whether it may ultimately decide that it is unable to grant the relief sought in the particular case. Thus, the fact that the plaintiff might not be entitled to redress, or that the court ultimately might not be able to afford the relief sought, is of no moment to a determination of jurisdiction.": 10 P.L.Encyc., §11, 8.

Indisputably, this court is competent to hear and determine a cause of action for wrongful death and a survival action. Likewise, we may hear and determine factual and legal issues concerning reinstatement of complaints: Pa. R.C.P. 1010 and 206, et seq.

Defendants' said contentions involve solely the question of whether we have the power to grant the relief requested.

"A court's function, it has been said, is to do legal, not actual, justice. However, courts must be re-

sponsive to current needs and give satisfaction to the causes of litigants, so that when they leave the courtroom they have reason to feel that they have been accorded a prompt and fair hearing.

" 'Judicial power', as contradistinguished from the power of laws, has no existence, and judicial power is never exercised for the purpose of giving effect to the will of the Legislature or to the will of the law. Although the courts, in the absence of statute, may take such steps as will promote the administration of justice, the courts are not the guardians of the rights of the people, except as those rights are secured by some constitutional provision which comes within the judicial cognizance. In Kerr v. Trego, it was said that the courts have authority, under the Constitution, to redress any wrong which may be committed within the proper territorial limits by any body of men, except only the Legislature.": 10 P.L. Encyc., Courts §2, 7.

"A court has inherent power to inquire into its own judgments, and may, even on its own motion, open or set aside such judgments to relieve against inequities under proper circumstances.

"Authority of court. Since a court has control of its judgment within the term at which it is entered, an order opening or striking off a judgment may be made during such term. However, it is generally true that the power of a court to open a judgment entered after an adversary proceeding expires with the term of entry, and, in the absence of extrinsic fraud or the existence of statutory grounds, cannot be exercised after such term.": 20 P.L.Encyc., §201, 315.

Stretching our imagination to its ultimate, we cannot conjure up a factual basis more evidencing the equivalent of fraud by an officer of the court

than is represented by the errors and omissions of plaintiff's counsel herein.

2. *Petition to open judgment and permit plaintiff to amend complaint to, in effect, file a new action naming a proper party-plaintiff where no such party had been named, after the running of the statute of limitations.*

Although the instant petition is styled as it is, there can be no question that it is, in reality, a petition to open judgment after the time for taking an appeal from our order dismissing a law suit has passed and seeking supplemental thereto the yet more extraordinary relief of allowing, in effect, the commencement of a new action, all after the applicable statutes of limitations have run.

The respondents contend that as petitioner failed to appeal the dismissal of the complaint, this court should not entertain the instant petition. It is recognized that where preliminary objections are sustained and a complaint dismissed, the order is final and appealable: Love v. Temple University, supra. If no appeal is filed within the prescribed time, the doctrine of res judicata becomes applicable: Catanese v. Scirica, supra. This principle, however, is not an absolute.

In Fredley v. Crandall Filling Machinery, Inc., 234 Pa. Superior Ct. 530, 342 A.2d 757 (1975), the court recognized that a judgment entered *upon adversary proceedings,* not appealed from, may be opened or set aside if fraud *or other sufficient grounds for equitable relief exist.* See also Great American Credit Corp. v. Thomas Mini-Markets, Inc., 230 Pa. Superior Ct. 210, 326 A.2d 517 (1974). From the time Mr. Rubin began to represent the Gasbarine family in this matter, his actions were

highly negligent. This court will not dwell on all of the things that Mr. Rubin did or neglected to do. His conduct is typified by his failure to appear for argument before this court on January 13, 1975, or otherwise provide counsel for plaintiff in his absence. In Klugman v. Gimbel Bros., Inc., 198 Pa. Superior Ct. 268, 182 A.2d 223 (1962), the court said:

" 'Where a party has been prevented from appealing by fraud, or by wrongful or negligent act of a court official, it has been held that the court has power to extend the time for taking an appeal.' "

Mr. Rubin's negligent conduct constitutes sufficient equitable grounds to set aside the order dismissing petitioner's complaint. The petitioner is entitled to her day in court.

The respondents contend that petitioner is not entitled to have the complaint reinstated or the caption amended because the statute of limitations has run. Their argument is based on the premise that, since an estate is a nonexistent party, the suit is a nullity: Casner v. Fisher, supra. We will deal with this argument in respect to the reinstatement of the complaint and the amendment of the caption.

Pa. R.C.P. 1010(b) provides that a writ may be reissued or a complaint reinstated at any time. Pa. R.C.P. 126 provides that the court at every stage of an action may disregard any error or defect of procedure which does not affect the substantial rights of the parties. In Shope v. Ninneman, 18 Cumb. 31 at 34 (1968), the court stated:

"The application of these two rules would seem to authorize reinstatement or reissuance nunc pro tunc to avoid a miscarriage of justice."

In that case, the court permitted plaintiff to reinstate his complaint, although the action was

barred by the statute of limitations. While in Shope, substantial fault rested with defendant, here, the fault lies with Mr. Rubin. The instant respondents had full knowledge of the suit not only within the statute of limitations, but within three months of the date upon which the cause of action arose. The purpose behind the statute of limitations is to protect an individual from suit based on occurrences in the past, where it would be difficult or impossible to present a defense. This purpose would not be defeated by permitting petitioner to reinstate the complaint instantly.

The petitioner seeks to amend the caption to "Anna S. Gasbarine, Administratrix of the Estate of Gabriel C. Gasbarine, Deceased, Plaintiff." Respondents contend that changing the caption of the complaint, naming an administratrix in her representative capacity as plaintiff, would be adding a new party, since an estate is not a legal entity and suit by it would be a nullity. This contention was advanced in Casner v. Fisher, supra, with respect to a defendant estate, and the court there sustained preliminary objections. While this court cited Casner in its order of January 31, 1975, it was not aware of the equitable considerations involved in this case. See oral deposition of Ann Gasbarine of November 6, 1975.

In Erska v. Schriver, 113 Pitts. L.J. 154 (1964), affirmed, 205 Pa. Superior Ct. 746, 209 A.2d 444 (1965), the court did not agree with the argument advanced by the instant respondents.

"There can be no legal entity apart from the administrator. While it is true that an estate has no legal existence, the term does stand for some identifiable body of assets that take on legal identity through the person of the administrator. The ad-

ministrator in this case was the person who was served and who accepted service of the complaint. By changing the caption and allowing the name of the administrator to be added in no way brings on the record a new party because the administrator is none other than the legal representative of the estate . . .": 113 Pitts. L.J. at 155.

Petitioner is administratrix of the estate. She instituted the present action, and, in all instances, was regarded by the respondents as plaintiff. Amendment of the caption should, therefore, be allowed.

With regard to the statute of limitations, the court in Powell v. Sutliff, 410 Pa. 436, 189 A.2d 864 (1963), set forth the test of whether an amendment was permissible after the statute of limitations had run. If the right party is sued, but under a wrong designation, amendment is permissible. The court in Erska v. Schriver, supra, considered this test to be based on the practical effect of an amendment, rather than theoretical deduction. Following this rationale, petitioner should not be barred by the statute of limitations.

The petitioner was not appointed administratrix of the estate until August 14, 1975. This is due to the negligence of Mr. Rubin in handling this action, and should not be determinative of the outcome of this petition. The right to amend should be liberally granted at any stage of the proceedings, unless there is an error of law or resulting prejudice to an adverse party: Kilian v. Allegheny County Distributors, 409 Pa. 344, 185 A.2d 517 (1962). The respondents will not be prejudiced by granting petitioner leave to amend the complaint. They were aware of the case within the statute of limitations. The petitioner should not suffer because of her un-

fortunate choice of counsel, especially not in these circumstances.

## CONCLUSION

The order we are about to enter is not judgment for plaintiff. It is a judgment granting her "a day in Court." We can do no more and, under these circumstances, we conclude that we must do no less.

For these reasons, we enter the following

## ORDER

And now, January 29, 1976, it is hereby ordered, adjudged and decreed that judgment entered in favor of defendants be, and it is hereby, opened; petitioner is granted leave to reinstate the complaint, and the caption shall be amended to read "Anna S. Gasbarine, Administratrix of the Estate of Gabriel C. Gasbarine, Deceased, Plaintiff," nunc pro tunc, as of June 20, 1974, the date this action was commenced. Further, plaintiff is granted leave to file an amended complaint, setting forth the causes of action in two separate counts and to otherwise comply with applicable Rules of Civil Procedure.