406 A.2d 560

Allen L. BROWN, an adult Individual

v.

Walter H. KLEINFELTER and Jeannie Kleinfelter, his wife.

**Appeal of Allen L. Brown.**

Superior Court of Pennsylvania.

Submitted Sept. 15, 1978.

Decided June 15, 1979.

Frederick S. Wolf, Lebanon, for appellant.

James T. Reilly, Lebanon, for appellees.

Before CERCONE, SPAETH and LIPEZ, JJ.

SPAETH, Judge:

This is an appeal from an order denying appellant's motion for leave to file an amended complaint joining a real estate broker as a necessary party.

On August 31, 1977, appellant filed a complaint alleging that appellees had entered into an oral contract with him to find a purchaser for their business and accompanying real estate, and that after he had succeeded in doing so, they refused to pay him reasonable compensation. Appellees filed preliminary objections in the nature of a demurrer, a motion to strike, a motion for more specific pleading, and a motion to dismiss because of lack of capacity to sue. The demurrer alleged that appellant had failed to state a cause of action for recovery of compensation because the complaint did not allege that he was a broker licensed under the Real Estate Laws: the motion to strike and the motion to dismiss for lack of capacity to sue each made a similar allegation. Appellant filed timely answers to those objections. On October 26 the lower court entered an order sustaining the objections and dismissing the complaint. On November 7 appellant filed a motion requesting the lower court to "amend the Order of Court dated October 26, 1977 to allow [appellant] to continue with his claim against [appellees] for compensation for the sale of business assets which do not include real estate and allowing [appellant] to join as a necessary party the licensed real estate broker." [1]

1. Appellant did not say who this broker was.

The lower court issued a rule to show cause why the October 26 order should not be so amended. On November 28, when the rule was returnable, appellees filed preliminary objections to appellant's motion that the October 26 order be amended. The objections were in the nature of a petition challenging jurisdiction, a demurrer, and a motion to strike. The petition challenging jurisdiction alleged that since thirty days had elapsed from the October 26 order—the time in which appellant could have appealed the order—the lower court was without jurisdiction. The demurrer alleged that the October 26 order was *res judicata*. The motion to strike alleged lack of conformity with the rules governing the amendment of complaint. Appellant filed timely answers to these objections, and then filed a motion to make the rule absolute since appellees had not filed an answer to the motion in response to which the rule had been issued, but only preliminary objections. On December 28 the lower court entered an order denying appellant's motion and sustaining appellee's preliminary objections. This appeal followed.

Appellant has argued that both the October 26 order and the December 28 order were error. However, since appellant has appealed only the December 28 order, we need consider only that order. *See Provident National Bank v. Rooklin*, 250 Pa.Super. 194, 378 A.2d 893 (1977).

■ Although there is a strong policy in favor of allowing a plaintiff to amend his complaint when faced with dismissal, *see e. g. Otto v. American Mutual Insurance Company*, 482 Pa. 202, 393 A.2d 450 (1978), we cannot conclude that the lower court abused its discretion in not doing so here. Instead of appealing the October 26 order, which was final and appealable, *see Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970); *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1970), appellant continued to seek redress below. This was improper. In *Catanese v. Scirica, supra,* the appellant had filed a complaint that was dismissed on the appellee's

preliminary objections. The appellant then filed an amended complaint. The appellee again objected, and when the lower court sustained the objections and dismissed the amended complaint, the appellant appealed to the Supreme Court. The Supreme Court pointed out that the appellant should have appealed the original dismissal order because "[when the period during which an appeal could have been filed expired, the doctrine of *res judicata* became applicable to the cause of action the complaint attempted to state." 437 Pa. at 521, 263 A.2d at 374. (The court went on to say that in addition, appellant's amended complaint was a nullity because filed without leave of court.) The same reasoning applies here. When appellant did not appeal the October 26 order dismissing his original complaint, the order became *res judicata.* The lower court therefore properly refused to amend the October 26 order and give appellant leave to amend the complaint, for as the Supreme Court said in *Catanese v. Scirica, supra,* 437 Pa. at 522, 263 A.2d at 374, the amendment could only have attempted "to restate the cause of action that had been rendered *res judicata* by appellant's failure to appeal from the dismissal of the original complaint."

■ Even if the October 26 order were not *res judicata* there would be no point in permitting appellant to amend the complaint to add the unnamed broker, since appellant could not have recovered from him.[2] No facts were alleged in the complaint suggesting the broker's liability. Moreover, in *Burke v. Israel,* 264 Pa.Super. 286, 399 A.2d 779 (1979), we made clear that where a plaintiff claims a commission based on a transaction involving real estate but does not plead that

2. We assume that appellant meant the broker to be added as an additional defendant, as his brief to us suggests. Appellant's Brief at 8. This is not, however, entirely clear. In appellant's brief in support of his motion to dismiss appellee's second set of preliminary objections, he stated that the broker "has consented to be joined as a voluntary Plaintiff." Supplemental record at 9b. We note that the grounds for a suit by an unnamed broker against appellees do not appear in this record.

148

he is a licensed real estate broker, the complaint is properly dismissed.

Affirmed.[3]

**3.** Appellees have filed a motion to quash the appeal, which is denied. *See Alco Parking Corp. v. Pittsburgh,* 453 Pa. 245, 307 A.2d 85 (1973).