**Ann KECK, Appellant**

v.

**BENSALEM TOWNSHIP.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 11, 2004.

Decided July 29, 2004.

**676**

Walter D. Campbell, Levittown, for appellant.

Neil A. Morris, Philadelphia, for appellee.

Before: PELLEGRINI, Judge and COHN, Judge, and FLAHERTY, Senior Judge.

FLAHERTY, Senior Judge.

Ann Keck (Keck) appeals from an order of the Court of Common Pleas of Bucks County (trial court) which sustained the preliminary objections of Bensalem Township (Township) filed in response to Keck's amended complaint. We affirm.

The procedural and factual history of this case is as follows. Keck worked for the Township as an accounting clerk. In December 1997, Keck applied for a disability pension. Her application was denied due to her failure to appear for the required medical examinations. Keck did not appeal the Township's denial of disability pension benefits.

In March 2000, Keck filed a complaint in the Unites States District Court for the Eastern District of Pennsylvania seeking recovery for the denial of disability pension benefits. The Township filed a motion to dismiss which was granted and the federal action was dismissed with prejudice. Keck did not appeal the June 12, 2000 order.

One and one-half years later on November 26, 2001, Keck filed a complaint with the trial court, which like the federal complaint, sought to recover damages for the denial of disability pension benefits. The Township filed preliminary objections which raised a number of defenses including res judicata. The trial court sustained the preliminary objections in an order dated June 25, 2003 and dismissed the complaint. Keck did not appeal the order.

On July 14, 2003, without leave of court or the consent of the Township, Keck filed an amended complaint with the trial court. The Township filed preliminary objections to the amended complaint on the basis that the claims in the amended complaint were barred by the doctrine of res judicata

based on the trial court's June 25, 2003 order and that the amended complaint should be dismissed as a nullity for failing to conform to the rules of court.

On November 3, 2003, the trial court issued an order sustaining the preliminary objections. The order noted that the original complaint was dismissed in an order dated June 25, 2003 and that there was no complaint of record to amend.

■ Keck thereafter filed an appeal of the trial court's November 3, 2003 order to this court. The Township filed a motion to quash the appeal as untimely with this court arguing that Keck identified issues in her appeal which arose out of the trial court's order of June 25, 2003, from which no appeal was taken. This court granted the motion in part to the extent that Keck purported to appeal the trial court's June 25, 2003 order. The motion to quash was denied insofar as it relates to the appeal from the November 3, 2003 order and this court directed that the appeal be limited to issues contained in the November 3, 2003 order.[1]

In her first two issues Keck argues that the trial court erred in granting Township's preliminary objections to her original complaint and that the trial court erred in determining that the doctrine of res judicata barred the state court proceeding. We agree with the Township, however, that these issues relate to the June 25, 2003 trial court order which Keck did not appeal. Indeed, this court in its January 28, 2004 order granted in part the Township's motion to quash Keck's appeal to the extent Keck attempted to argue issues raised by the trial court's June 25, 2003 order.

The only issue properly before this court is whether the trial court properly dismissed Keck's amended complaint. We initially observe that the trial court dismissed Keck's original complaint on June 25, 2003. Keck did not appeal this order. Rather, Keck filed the amended complaint at issue. Keck, however, failed to follow the procedure for filing the amended complaint. Specifically, Pa. R.C.P. No. 1033 provides that "A party, either by filed consent of the adverse party or by leave of the court, may ... amend his pleading." Keck did not seek the consent of the Township or of the trial court before filing the amended complaint.

We agree with the Township that *Catanese v. Scirica,* 437 Pa. 519, 263 A.2d 372 (1970) addresses the issue in this case. In that case, Catanese filed a complaint to which the appellee filed preliminary objections. The trial court sustained the preliminary objections and dismissed the complaint. Catanese did not seek to take an appeal of the trial court's order dismissing his complaint.

■ Rather, Catanese filed an amended complaint to which preliminary objections were again filed. The trial court sustained the preliminary objections and dismissed the amended complaint. On appeal to the Supreme Court, the Court observed that Catanese should have appealed the original dismissal order because "[w]hen the period during which an appeal could have been filed expired, the doctrine of res judicata became applicable to the cause of action the complaint attempted to state." *Catanese,* 437 Pa. at 521, 263 A.2d at 374. The Court went on to state that the amended complaint was a nullity because it was filed without leave of court or consent of the opposing party.

---

1. Our review of an order sustaining preliminary objections is limited to determining whether the trial court committed an error of law or abused its discretion. *Bolus v. Murphy,* 823 A.2d 1075 (Pa.Cmwlth.2003).

Appellant received neither the consent of the court nor that of appellee prior to filing the amended complaint in the same number and term of court to which he had filed the original complaint. The court did give appellant permission to file an amended complaint with respect to Taorima but expressly did not give permission with respect to appellee. The amended complaint as to appellee is therefore a nullity.

*Catanese,* 437 Pa. at 523, 263 A.2d at 374. Similarly in this case, because Keck did not appeal the trial court's June 25, 2003 order dismissing the original complaint, the order became res judicata.

Moreover, the trial court's refusal to permit Keck to amend the complaint did not amount to an abuse of discretion as argued by Keck. We observe that in *Brown v. Kleinfelter,* 267 Pa.Super. 144, 406 A.2d 560 (1979), the appellee filed preliminary objections to a complaint which the trial court sustained and dismissed the complaint. The appellant filed a motion for leave to amend the complaint to continue the case on other grounds. The appellees filed preliminary objections to the motion challenging the trial court's jurisdiction because thirty days had elapsed since the order sustaining preliminary objections was entered. The preliminary objections alleged that the order dismissing the complaint was res judicata and sought to strike the motion for lack of conformity with the rules governing the amendment of a complaint. The trial court sustained the preliminary objections.

On appeal, the appellant argued that the trial court abused its discretion by not allowing him to amend the complaint. The Superior Court stated:

> Although there is a strong policy in favor of allowing a Plaintiff to amend his complaint when faced with dismissal...we cannot conclude that the lower court abused its discretion in not doing so here. Instead of appealing the October 26 order, which was final and appealable...appellant continued to seek redress below. This was improper .... When appellant did not appeal the October 26 order dismissing his original complaint, the order became res judicata. The lower court therefore properly refused to amend the October 26 order and give appellant leave to amend the complaint ....

*Brown,* 406 A.2d at 561. (Citations omitted.)

In accordance with the above, inasmuch as Keck did not appeal the trial court's June 25, 2003 order dismissing her original complaint and thereafter did not seek leave of court or consent of the Township to file an amended complaint, the trial court properly dismissed Keck's amended complaint as a nullity and the order of the trial court is affirmed.

## *O R D E R*

Now, July 29, 2004, the order of the Court of Common Pleas of Bucks County in the above-captioned matter is affirmed.