J-S40002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT TABB | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN THOMAS | : | No. 72 EDA 2022 |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200700168

BEFORE: PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY PANELLA, P.J.:         **FILED MARCH 02, 2023**

Robert Tabb appeals from the order granting preliminary objections filed by John Thomas and dismissing Tabb's complaint with prejudice. Tabb contends that the trial court erred in refusing to allow him to amend his complaint. We affirm and therefore dismiss Thomas's application to quash as moot.

Because this appeal requires us to review the trial court's order sustaining Thomas's preliminary objections, we focus our attention on Tabb's complaint and the facts alleged therein. Thomas owned property in Philadelphia. On July 30, 2018, Tabb alleges that he fell when he was attempting to walk down the steps at Thomas's property, due to poor lighting and the steep construction of steps. As a result of the fall, Tabb suffered a

complete tear in his right shoulder rotator cuff, contusions, severe pains, and other medical injuries.

On July 6, 2020, Tabb filed a writ of summons, which he reinstated several times. Thereafter, on April 18, 2021, Tabb filed a complaint, raising claims of negligence and breach of a written contract. Notably, the complaint was filed without a verification from Tabb, and Tabb failed to attach the written contract. On May 20, 2021, Thomas filed preliminary objections, arguing that the counts in the complaint were not pleaded with specificity to allow Thomas to prepare a defense, Tabb failed to attach the written contract to the complaint, and Tabb failed to provide a verification. Tabb did not reply to the preliminary objections. On June 14, 2021, the trial court entered an order granting Thomas's preliminary objections, finding that Tabb's entire complaint was stricken for failing to provide a verification and additionally, the breach of contract claim was stricken for failing to attach the written contract.

On September 15, 2021, without leave of court or agreement with Thomas, Tabb filed an amended complaint, again raising claims of negligence and breach of contract. Tabb alleged that the breach of contract was based upon an oral lease between the parties. Thomas filed preliminary objections, noting, *inter alia*, that the amended complaint was untimely filed, and Tabb failed to seek leave of the trial court or Thomas's agreement to file his amended complaint. In response, Tabb filed a second amended complaint, again without permission of the trial court or the agreement of Thomas.

Thomas filed preliminary objections. Thereafter, Tabb filed a third amended complaint, without permission of the trial court or agreement with Thomas. Tabb raised the same claims as his prior amended complaints. Thomas filed preliminary objections, arguing that Tabb failed to seek leave of the trial court or Thomas's agreement to file the third amended complaint. On November 17, 2021, the trial court granted Thomas's preliminary objections, finding that Tabb failed to seek leave of court or agreement with Thomas to file the amended complaint. The trial court additionally found Tabb's amended complaints to be void and stricken and dismissed the action with prejudice. On December 17, 2021, Tabb filed a timely notice of appeal.[1]

On appeal, Tabb raises the following question for our review: "Did the trial court err when it not only sustained preliminary objections to [] Tabb's personal injury complaint, but also dismissed the entire action with prejudice where a valid Writ of Summons was served upon [Thomas]?" Appellant's Brief at 8.

_____

[1] We note that on December 16, 2021, Tabb filed a motion for reconsideration. The trial court did not have jurisdiction to rule on the motion after Tabb filed his timely appeal. **See** Pa.R.A.P. 1701(a); **see also M.O. v. J.T.R.**, 85 A.3d 1058, 1061 n.1 (Pa. Super. 2014) ("It often is prudent for a litigant to file [a motion for reconsideration and appeal]; if the trial court does not grant the motion for reconsideration before the expiration of the thirty days in which the litigant can file a notice of appeal, the litigant will lose the right to appeal."). Nevertheless, the trial court denied the motion on January 12, 2022.

Our review of a trial court's grant of preliminary objections in the nature of a demurrer is as follows:

> [O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.
>
> Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa. Super. 2011) (citation omitted).

Tabb contends that he initiated the action through a writ of summons and his error of not moving to file an amended complaint was a technical error and he should not be punished for his counsel's failure to strictly adhere to the court rules. *See* Appellant's Brief at 14-15, 16. Tabb notes that amendments to allegations in a complaint must be liberally allowed to secure a speedy determination on the action. *See id.* at 14, 16, 18-19. Tabb highlights that Thomas did not suffer any prejudice, because Thomas was aware of Tabb's claims, including the breach of an oral contract, and Tabb should not be foreclosed from obtaining redress for his injuries. *See id.* at 15,

- 4 -

17, 18-19. Tabb asserts that his amended complaints complied with the trial court's prior orders and state valid causes of actions. *See id.* at 15, 16-17. Tabb also argues that despite the fact that the trial court struck the complaints, the writ of summons is still valid, and he should be allowed to further litigate the writ. *See id.* at 14-15, 18-19.

A plaintiff has an automatic right to amend a complaint within twenty days of the filing of a defendant's preliminary objections. *See* Pa.R.C.P. 1028(c)(1). If not filed within twenty days, a plaintiff must obtain either the defendant's consent or leave of court to file an amended complaint. *See* Pa.R.C.P. 1033(a) ("A party, either by filed consent of the adverse party or by leave of court, may at any time … amend the pleading."). "[T]he decision whether to grant leave to amend a pleading is within the trial court's sound discretion." *d'Happart v. First Commonwealth Bank*, 282 A.3d 704, 737 (Pa. Super. 2022) (citation omitted).

Here, Thomas filed his initial preliminary objections on May 20, 2021, the trial court granted the preliminary objections on June 14, 2021, and Tabb did not file an amended complaint until September 15, 2021. Importantly, Tabb never requested leave to amend his complaint, nor did he seek Thomas's consent to amend the complaint. Further, Tabb does not establish that the trial court had an obligation to *sua sponte* allow amendment of the complaint. Therefore, Tabb waived his claim. *See Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (concluding that a plaintiff's failure to seek leave to amend

his complaint renders his claim waived, and no case law "requir[es] a court to *sua sponte* order or require a party to amend his pleading"); ***d'Happart***, 282 A.3d at 738 (finding that because plaintiffs did not request permission to amend the complaint, they waived the claim).

Finally, we reject Tabb's bald claim that even if the complaints were properly dismissed with prejudice, the writ of summons was still valid. Here, Tabb merely cites to ***Keck v. Bensalem Twp.***, 862 A.2d 675 (Pa. Cmwlth. 2004), and ***Brown v. Kleinfelter***, 406 A.2d 560 (Pa. Super. 1979), for the proposition that "the complaint became a nullity," but that the writ remained. Appellant's Brief at 15. However, those cases conclude that the plaintiff should have appealed from the dismissal with prejudice of his original complaint because it was a final order and does not in any way declare that the original writ of summons continues to be valid even after the party files a complaint and the trial court dismisses the complaint. ***See Keck***, 862 A.2d at 678; ***Brown***, 406 A.2d at 561. Additionally, Tabb does not cite to any civil rules that allows for the continued viability of the original writ of summons after the filing of a complaint. ***See, e.g.,*** Pa.R.C.P. 401(b)(5) (stating that "[i]f an action is commenced by writ of summons and a complaint is thereafter filed, the plaintiff, instead of reissuing the writ, may treat the complaint as alternative original process and as the equivalent for all purposes of a reissued writ, reissued as of the date of the filing of the complaint."); ***see also*** Pa.R.C.P. 401(a) (noting that the plaintiff has thirty days in which to

accomplish service before the writ expires). Moreover, Tabb reinstated his writ of summons multiple times prior to filing the initial complaint in this case, which evidenced his understanding that the writ would not continue to be viable in perpetuity. Therefore, Tabb does not establish that the original writ of summons continued to be valid after the filing of his complaint.

Based upon the foregoing, we affirm the trial court's order. We also deny as moot Thomas's application to quash the appeal due to Tabb's late filing of his appellate brief.

Order affirmed. Application to quash denied.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 3/2/2023