## Friends of McErlean Appeal.

Argued January 8, 1968. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*William E. Mowatt,* for appellant.

*Edward F. Muller, Jr.,* for appellees.

OPINION BY MR. JUSTICE JONES, October 3, 1968:

Edward McErlean was a candidate at the primary election held on May 16, 1967 for nomination by the Democratic party for the office of county commissioner of Delaware County. Prior to the primary election, a political committee, entitled "Friends of Mc-Erlean", was formed to advance McErlean's candidacy.

After the primary election and, on June 21, 1967, the committee filed its election expense account. This account, under the Election Code,[1] was required to be filed within thirty days after the primary election and, in the instant situation, this account should have been filed on or before June 15, 1967. The committee's account, therefore, was filed six days after the statutory period had expired.

The Code[2] further provides that "within twenty days after the last day for filing any expense account" any five electors may petition the Court of Quarter Sessions for an audit of the account. In the case at bar, the twenty day limitation period for filing an audit petition expired on July 5, 1967. On August 1, 1967—forty-five days after the last day statutorily provided for filing the account[3]—an audit petition was filed.

After the petition for an audit had been filed, Mc-Erlean's political committee (the committee) petitioned the Court of Quarter Sessions of Delaware

---

[1] Act of June 3, 1937, P. L. 1333, art. XVI, §1607-a, as amended, 25 P.S. §3227.

[2] Ibid, art. XVI, §1611, 25 P.S. §3231.

[3] Those who petitioned for the audit seek to excuse the delay on the ground that they did not become aware that the account had been filed until they saw a newspaper account of the filing of the account on July 13, 1967.

County to dismiss the audit petition because it was untimely filed. On August 21, 1967, the court dismissed the petition, directed an audit be held and a proper account filed within twenty days and that any exceptions to the account be heard before the court. On August 30, 1967, the court amended its order, directed the Election Bureau to forthwith certify the June 21, 1967 account to the court for audit and appointed an auditor.

An appeal was taken to the Superior Court and that Court, in a per curiam opinion, affirmed the order of the court below with Judges MONTGOMERY and HOFFMAN dissenting. We granted allocatur.

The positions taken by the respective parties are as follows: (1) the committee contends that the language of the statute is unequivocal as to the time of filing an audit petition, that the statute is mandatory and not directory, that the late filing of the audit petition prevented the court from taking jurisdiction to direct an audit and the fact that the account was tardily filed did not relieve the audit petitioners of compliance with the statutorily mandated time period; (2) the audit petitioners contend that the statute must be given a liberal construction, that the time limitation in the statute is directory and not mandatory and that the fact the committee was late in filing its account relieved the audit petitioners of strict compliance with the statute.

Initially, it must be noted that the Code makes no provision whatsoever for the giving of notice of the filing of an expense account and, therefore, it appears obvious that only by a check of the records in the Election Bureau can it be ascertained whether an account has or has not been filed.

We first consider the committee's failure to timely file its primary election expense account. The statute

itself provides three penalties for the failure to file *any* expense account; first, it is "unlawful to administer the oath of office to any candidate elected to public office" until his primary and election expense accounts have been filed; second, until such accounts are filed the successful candidate shall not enter upon the duties of his office; third, until such accounts are filed the successful candidate shall receive no salary or other compensation appurtenant to his office. (Act of 1937, supra, art. XVI, §1609, 25 P.S. §3229). The Code is silent as to the manner, if any, or requiring the filing of an account after the statutory period of thirty days has expired.

While this Court has not directly passed upon this question, *Lurie v. Republican Alliance,* 412 Pa. 61, 192 A. 2d 367 (1963), by implication, certainly did so. In *Lurie,* two electors instituted an equity action to compel a political committee to file an account of expenses incurred in a primary and general election after the statutory period for filing had expired. We held that, since the action was bottomed on a violation of the Code, equity lacked jurisdiction to entertain the action and that the electors must seek relief in the Court of Quarter Sessions. In answer to the contention that the Code provides no procedure to compel the filing of an account, this Court said the Code must be liberally and intelligently construed and that the Court of Quarter Sessions could "undoubtedly compel the production of all information necessary to a comprehensive and honest audit [of election accounts]". (p. 64). Under the rationale of *Luria,* it seems evident that had the committee in the instant case not filed its account, it could have been compelled to do so by the Court of Quarter Sessions after the expiration of the statutory time period.

We have already noted that the Code makes no provision whatsoever for giving notice that an expense ac-

count has been filed, either to the public at large or to interested parties, other than the filing of such accounts in the Election Bureau might be construed as public notice. It follows that any person interested in ascertaining whether a candidate has or has not filed an account can gain such knowledge only by a search of the records of the Election Bureau. The committee, in the case at bar, in violation of the Code, did not file an account on or before the last day mandated for filing an account, the date from which is calculated the statutory period within which an audit petition may be filed. Had the present audit petitioners examined and searched the Election Bureau's records on June 16, 1967—the day after the last day for filing an account—they would have found that no account was filed in direct violation of the Code. We can see no reason for the audit petitioners to have continued to search the records for the tardy filing of an account in violation of the statute. They could have gone into the Quarter Sessions Court, under the rationale of *Lurie,* to compel the committee to file an account but their failure to make the committee live up to its statutorily imposed duty should not penalize them.

It is undisputed that the audit petitioners had no knowledge that the committee had untimely filed its account until July 13, 1967, and then only through the medium of a newspaper article.[4] July 13, 1967 was eight days subsequent to the expiration of the twenty day period provided by the Code within which an audit petition could be presented[5] and twenty-two days after the committee had actually, though untimely,

---

[4] Each auditing petitioner filed an affidavit to this effect. These affidavits stand uncontradicted of record.

[5] June 15, 1967 was the last day of the statutory thirty day period within which the committee should have filed its account.

filed its account.[6]  Within twenty days of the date when they first acquired knowledge that the committee had filed its account, the audit petitioners requested the court to direct an audit.  In our view, under the present factual posture, this audit petition was timely filed.

Upon the filing of an expense account an opportunity must be given to those who might question the validity of such account to scrutinize carefully the receipts and expenditures listed in such account, to determine the legal validity of such receipts and expenditures and to ascertain whether the listed receipts and expenditures encompassed *all* the receipts and expenditures.  To do so requires time; the Code recognizes such fact and grants twenty days for such purpose.

Had the auditing petitioners commenced a proceeding to compel the filing of this account and had the court directed the filing of an account, we have no doubt they would have been entitled to the statutory period of twenty days—starting with the time of filing of the mandated account—within which to petition for an audit of the account.  We can see no sound reason why, when an account is tardily filed, a time period of twenty days, starting with the date when knowledge of the filing of the account is *admittedly* gained, should not be given within which to petition for an audit.

As we stated in *Lurie,* the Code must be liberally interpreted to carry out the evident legislative intendment that expense accounts of candidates for public office and their committees might be subject to the closest scrutiny.

Order affirmed.

---

[6] The committee filed its account on June 21, 1967.

CONCURRING OPINION BY MR. JUSTICE COHEN:

This case and *Lurie v. Republican Alliance*, 412 Pa. 61, 192 A. 2d 367 (1963), point up the necessity for legislative amendment to the Election Code so that the procedures, both in the filing and in the auditing of expense accounts, may be made more certain and understandable and the sanctions for failure to comply with the Code be made more explicit.