Hamada, Appellant, *v.* Committee of Seventy.

Submitted June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Ronald F. Kidd,* and *Duane, Morris & Heckscher,* for appellant.

*Tyler E. Wren,* for appellee.

OPINION BY VAN DER VOORT, J., October 28, 1975:

The Appellant, William M. Hamada, was the Treasurer of F.I.T.E., a political committee organized to provide funds for the candidacy of an aspirant to the office of District Attorney in Philadelphia County in the 1973 elections. The appellee, the Committee of Seventy, is an unincorporated association of electors of the City and County of Philadelphia, which both parties have described as a non-partisan civic "watchdog" over matters concerning elections. On August 6, 1974, the appellant filed an election expense account with the Philadelphia County Board of Elections and on August 26, 1974, the appellee petitioned the Court of Common Pleas for an audit, pursuant to the Election Code (Act of June 3, 1937, P.L. 1333, Art. XVI, §1611, as amended by the Act of July 21, 1974, P.L. 587, No. 204, and Act of June 3, 1971, P.L. 138, No. 6, §1; 25 P.S. §3231).[1]

On August 26, 1974, the same date as the Petition for Audit was filed, appellant filed Preliminary Objections to appellee's petition. The appellant's preliminary objections, to the court's jurisdiction, were heard by the lower court and overruled. The appellant then sought twenty days from the court to prepare and file an Answer to the Petition for Audit. This request was denied, an audit was ordered, and appellant filed the instant appeal to our Court, raising the *sole claim* not that the lower court lacked jurisdiction, but that it erred in denying appellant's request for twenty days within which to file an Answer to appellee's Petition for Audit. Appellee, while asserting that the lower court correctly denied appel-

---

1. The 1974 amendments concerned minor changes not affecting the substance of the 1937 Act. The 1971 amendment (really a repeal of §(b)), was merely in uniformity with many changes brought about by passage of the Appellate Court Jurisdiction Act. (see 17 P.S. §211.509 (117)).

lant's request for time to answer, also filed a Motion to Quash the Appeal and argued in its brief that the appellant's appeal should be quashed as interlocutory.

We must first review the assertion that this appeal arises from a non-appealable interlocutory order. Our courts have been called upon many times to determine what types of appeals are interlocutory, or in the alternative, involve final orders which are appealable.[2] In *Alexander Estate*, 414 Pa. 474, 476, 200 A.2d 865, 866 (1964), our Supreme Court stated:

"In the absence of statutory authority . . . piecemeal or interlocutory appeals are not permitted. A decree, to be appealable, must be definitive and one that *determines finally* the cause. It is not final unless the order or decree *concludes the litigation* between the parties to the proceeding and *precludes them from further* action in that court." (Emphasis supplied.)

It has also been held that:

"To be the subject of an appeal, the judgment must not only be *final and complete* not only as to all the parties, but as to the *whole subject matter and as to all the causes of action involved* except where a statute gives the right of appeal otherwise." (Emphasis supplied.) *Commonwealth v. Mellon National Bank and Trust Company*, 360 Pa. 103, 109, 61 A.2d 430, 434 (1948).

There is no statutory authority for an appeal from the lower court's denial of appellee's request for time for

2. We have only found four appellate cases concerning this election statute since its enactment in 1937: *Kearney's Account*, 136 Pa. Superior Ct. 78, 7 A.2d 159 (1939); *Laub's Expense Account*, 145 Pa. Superior Ct. 513, 21 A.2d 575 (1941); *Lurie v. Republican Alliance*, 412 Pa. 61, 192 A.2d 367 (1963); *Friends of McErlean Appeal*, 431 Pa. 334, 246 A.2d 341 (1968). None of these cases involved the issue of whether or not an interlocutory order was being appealed. *McErlean, supra*, bears some similarities to the instant case and will be the subject of further discussion in this opinion.

filing an Answer in the instant case. Moreover, the Order of the lower court cannot reasonably be held to fall within the meaning of "final order" as defined in the above-cited cases.

Despite the discussion above, it might well be argued that the case of *Friends of McErlean Appeal, supra,* which featured appellate review and a decision on the substantive merits in an analogous situation, would preclude a finding that the instant appeal arises from an interlocutory order. However, our review of *McErlean, supra,* reveals a facet of that case making it inapposite for precedent in the instant situation. In the *McErlean* case, a political committee moved to dismiss an audit petition, *inter alia* on grounds that the lower court lacked jurisdiction to order the audit. The lower court denied the committee's objections and ordered the audit. From such denial, the committee appealed to our Court and then to the Supreme Court, again raising the *jurisdictional argument* at each stage. The decisions on appeal in the *McErlean* case were appropriate as our statutory and decisional law provides that an appeal lies from an order dismissing preliminary objections challenging jurisdiction. See Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672;[3] *Terrizzi Beverage Co. v. Local Union 830, etc.,* 408 Pa. 380, 184 A.2d 243 (1962); *University Square No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 180 A.2d 427 (1962). In the instant case, as previously noted, the appellant does not raise the jurisdictional issue on appeal, and we cannot ignore the well-established principle that an order denying preliminary objections, based on other grounds, is interlocutory and not appealable. *Terrizzi Beverage Co. v. Local Union 830, etc., supra; Wilcox v. Evans,* 190 Pa. Superior Ct. 166, 153 A.2d 817 (1959).

---

3. Suspended in part by the Pennsylvania Rules of Civil Procedure (see Rules 1451(7) and 1550(19)) and by the Appellate Court Jurisdiction Act of 1970 (1970, July 31, P.L. 673, No. 223, Art. I, §101 *et seq.,* 17 P.S. §211.101 *et seq.*)

While we believe, based on the discussion above, that appellee's contention concerning the interlocutory nature of this appeal is correct, one other facet of this issue is deserving of discussion. The appellant, in this interlocutory appeal, has made no attempt to avail himself of the orderly procedure established in §211.501(b) of the Appellate Court Jurisdiction Act of 1970, *supra,* for a party seeking appellate review of an interlocutory order. Without deciding what action would have been taken if correct steps had been followed in this case, we nevertheless deem it pertinent to note here that we cannot condone nor ignore a lack of observance of our procedural rules. Scrupulous attention to such rules is absolutely necessary to promote our efficient and orderly review of the huge volume of appeals which reach our Court each year.

Appeal quashed and case remanded to the lower court for further proceedings.