371 A.2d 1013

In re Audit of the Primary Election Accounts of Frank L. RIZZO and Nineteen Treasurers of Political Committees Authorized by him as Candidate for the Democratic Nomination for Mayor of Philadelphia.

Appeal of Raymond G. PERELMAN et al.

Superior Court of Pennsylvania.

Argued June 22, 1976.

Decided March 31, 1977.

14

Bernard Chanin, Philadelphia, with him Howard Gittis, Philadelphia, for appellants.

Gregory M. Harvey, Philadelphia, submitted a brief for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

On July 21, 1976, by petition duly filed, eight electors of Philadelphia County sought the certification to the lower court for audit of the campaign accounts of Frank L. Rizzo, mayoralty candidate and eventual victor in the primary election of May 20, 1975. The authority so to do is granted by the "Election Code", Act of 1937, June 3, P.L. 1333, Art. XVI, § 1611, as amended by the Act of 1974, July 21, P.L. 587, No. 204, § 1, 25 P.S. § 3231(a):

Within thirty days after the last day for filing any expense account and affidavit required by this act any five electors of the State or of the political subdivision may present a petition to the Court of Common Pleas of the County in which is situated the office where such account has been filed, or with the Commonwealth Court where a Statewide office is concerned, praying for an audit. Thereupon the court shall direct the officer or board with whom such account has been filed to certify the same to the court for audit  .  .  . .

The Act continues to detail the procedure for the audit.

On August 21, 1975, respondents, the various treasurers of the Rizzo campaign committees, filed a motion to dismiss the petition, in which motion following recitation of pertinent facts the movants alleged that the petitioners' points for audit are "either spurious, factually baseless or trivial in nature and fail to justify the request for relief  .  .  . .", and thereafter stated their reasons in a form which resembled an answer to the petition. Further movants-respondents averred that petitioners' "application may not be granted in the absence of a proper case for such relief".[1]

Following argument by counsel on August 25, 1975, before the Honorable Edwin S. MALMED, Judge, the lower court in two Orders dated September 2, 1975, (1) denied respondents' motion to dismiss and (2) granted petitioners' request for certification. In the latter Order, the Philadelphia County Board of Elections was directed to certify to the court for audit certain named and all other, but not named, primary election expense accounts of the candidate. These Orders are now before us.[2]

1. Quotations in this paragraph are from respondents' motion to dismiss petition.

2. We note that a part of the record is an Order of September 5, 1975, which merely corrects a citation to the pertinent statute. In all other respects this Order is the same as that of September 2, 1975, certifying the accounts to the lower court. These two Orders will be considered together.

■    The threshold question is whether these Orders are appealable. We believe that they are because respondents' motion to dismiss encompasses a challenge to the subject matter jurisdiction of the lower court by questioning whether good cause for such an audit has been shown. The lower court was of the opinion that it possessed subject matter jurisdiction without good cause being shown. This is made evident by the fact that it denied the motion to dismiss and granted petitioners' prayer, thus deciding the merits of petitioners' allegations on petition and "answer" (i. e. motion to dismiss) alone. The Act of 1925, March 5, P.L. 23, § 1, 12 P.S. § 672, provides for an appeal where jurisdiction to make an order is challenged notwithstanding the fact that the order (or orders, as here,) are interlocutory. In pertinent part the Act provides: "Wherever in any proceeding at law . . . the question of jurisdiction over . . . the cause of action for which suit is brought is raised in the court of first instance, it shall be preliminarily determined by the court upon the pleadings . . ., and the decision may be appealed . . . as in cases of final judgments". We note that this Act has been suspended in part by the *Rules of Civil Procedure* insofar as those Rules mandate practice and procedure to be followed when raising preliminary questions.[3] However, nowhere in the "Election Code", *supra,* or the *Rules of Civil Procedure* is it stated by statute that the practice and procedure under the *Rules* is made applicable to the statutorily-mandated practice and procedure pursuant to the "Election Code". Consequently, the Act of 1925, *supra,* stands without suspension by the *Pa.R. C.P.* insofar as the Act allows appeals of Orders deciding jurisdictional issues in cases brought under the "Election Code". The Orders are appealable by law. See "Appellate

---

**3.** Also the Act has been repealed in part only insofar as the "Appellate Court Jurisdiction Act", *infra,* mandates a new form of appellate procedure.

Court Jurisdiction Act", Act of 1970, July 31, P.L. 673, No. 223, Art. V, § 501, 17 P.S. § 211.501(a).[4]

■ Appellants now argue that the lower court did not possess subject matter jurisdiction to order certification for audit. Section 3231 of the "Election Code", *supra*, allows at least five electors to present a petition to the appropriate court, which "shall direct" certification to the court for audit. Such disposition by the lower court must be upon cause shown. In *Laub's Expense Account*, 145 Pa.Super. 513, 21 A.2d 575 (1941), wherein our Supreme Court adopted the dissenting opinion of Judge BARTHOLD, it is held that when the word "shall" is used by the Legislature to a Court, authority to do an act is granted, or discretion conferred. "Shall" is not a word which obliterates any and all discretion, and does not have a mandatory thrust. Thus we hold that the instant statute, when using "shall", must be interpreted as conferring discretion upon the lower court. See the "Statutory Construction Act of 1972", Act of 1970, Nov. 25, P.L. 707, No. 230, 1 Pa.C.S. § 1901 *et seq.*

■ For a court properly to exercise discretion when there is opposition it must have the benefit of both a petition, a responsive pleading, such as an answer, and testimony thereon, derived at a hearing. It does not comport with due process to allow a court to exercise its discretion and thereby order an act to be done upon the sole representation of one side in a controversy. This is made tellingly evident in a case such as this when we find the lower court's certifying for audit the campaign accounts of a successful candidate for public office, and thus placing a cloud over the election, solely upon the representation of

4. In *Hamada v. Committee of Seventy*, 237 Pa.Super. 148, 346 A.2d 586 (1975), we quashed an appeal on the grounds of non-appealability of an interlocutory order in a case arising under the "Election Code", § 3231. It must be noted that in *Hamada,* while appellant did raise a challenge to the jurisdiction of the lower court below, he did not present the claim to us, his only argument on appeal being the alleged error in the lower court's denial of requested time to answer. Not preserving the jurisdictional question, appellant could not place himself within the Act of 1925, 12 P.S. § 672. *Hamada* is totally inapposite to the instant case.

eight electors, who it may very well be are disappointed in the outcome of the election. Furthermore, the interpretation which the petitioners ask us to make of the Election Code would permit five electors to require certification for audit of the accounts of a statewide candidate, as well as of any city wide one, without any showing of good cause for an audit. The expenditure of time and money involved in such an audit is enormous. The interpretation which the petitioners ask us to make would not be in keeping with the intention of the Election Code. Such certification, when contested, must rest on a showing of good cause, which showing is lacking from this case presently.

We hold that § 3231 of the "Election Code", in granting authority to the court to allow certification for audit necessarily implies, under principles of due process, that cause will be shown to substantiate the court's disposition of the electors' petition. Such cause can be shown only when the lower court after an answer has been filed receives evidence, not argument alone, on said petition and answer. Thus we conclude that the lower court was without jurisdiction to certify the expense accounts for audit until good cause for such action had been shown by petitioners.

We shall not disturb the Order denying respondents' motion to dismiss.

Orders of September 2 and 5, 1975, certifying primary election accounts to the lower court for audit are reversed, and the case is remanded for further proceedings in accordance with this Opinion. The Order of September 2, 1975, denying respondents' motion to dismiss is affirmed.

JACOBS, J., concurs in the result.

PRICE, J., dissents.

SPAETH, J., did not participate in the consideration or decision of this case.