# Detrick *versus* Sharrar.

1. To take a parol sale of land out of the operation of the Statute of Frauds, the vendee must take actual, open, notorious and exclusive possession of the premises in pursuance of the contract, and make such improvements thereon as cannot be compensated in damages.

2. Where a demurrer to a bill in equity is sustained it is simply a decision that the complainant has not set out a case which entitles him to relief and not a decision upon the merits, and hence it cannot be put in evidence in a subsequent proceeding on the same cause of action to bar the complainant's right to relief or recovery.

October 22d 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Venango county:* Of October and November Term 1880, No. 71.

Ejectment by John, William, Samuel and Ebenezer Sharrar, heirs of Jacob Sharrar, deceased, against William, Levi, Elias, Martin and Jeremiah Detrick, heirs of Jacob Detrick, deceased, to recover a tract of land. The suit was brought February 20th 1878.

At the trial the plaintiffs claimed title as follows: Jacob Sharrar, who was the son-in-law of Jacob Detrick, on August 23d 1853, entered into articles of agreement for the purchase of certain land, of which that in controversy is a part, and gave the vendors $14 in cash, and a bond wherein Jacob Detrick was surety, for the balance of the purchase-money. Sharrar immediately entered into possession of the land, and remained in possession until his death on May 25th 1857. Plaintiffs further showed that Sharrar died intestate, and that they were his heirs. They then gave evidence to show that Detrick, on April 21st 1869, paid the residue of the purchase-money and obtained from the vendors a

[Detrick *v.* Sharrar.]

conveyance of the land to him, and that afterwards Detrick sold thereof, to various parties, to an amount sufficient to reimburse him. This action of ejectment was to recover the portion remaining unsold.

Defendants gave evidence to show that Detrick took possession of the land after Sharrar's death, and that he had improved it and remained in possession thereof until his death in 1876, since which time defendants have been seised of the same. Elizabeth Fox also testified that Jacob Sharrar, in his last illness, about five weeks before his death, told Detrick "to take the land and do the best he could, for he (Sharrar) could not pay for it; if he (Detrick) would pay for it it was his, and to try and raise his (Sharrar's) children." They further showed that Detrick had assisted in maintaining Sharrar's children, and that upon one occasion when he was endeavoring to borrow money to pay for the land, he had asserted that "he wanted to pay off the land and to save the balance, while he could, for Sharrar's children," and when he sold part of the land had said, "he had a right to sell it for Sharrar; that Sharrar had requested him to sell it before he died—to sell part of the land and to save part of it for the children—and he was going to do so."

Defendants then offered in evidence the record of a suit in equity to April Term 1877, whereby it appeared that the plaintiffs in this suit, with others, were complainants, and the defendants, with others, defendants, in a bill in equity, which averred that Detrick had entered into a verbal agreement with Sharrar in his lifetime, wherein he had agreed to take care of the land in dispute, and after selling so much as would reimburse him for the purchase-money paid to retain the use of the land for the family of Sharrar, and that in pursuance of this agreement Detrick had taken possession of the land after the death of Sharrar; had secured a conveyance of the title to himself, and reimbursed himself from the sales of land, and, therefore praying for a conveyance of the balance of said tract to the complainants, the heirs of Sharrar, and for an account, &c. It appeared, also, that defendants had demurred to the bill for a misjoinder of parties, because complainants had an adequate remedy at law, because the alleged trust was barred by the Statute of Limitations; that as to the account prayed for complainants were barred by said statute, and because the court had not jurisdiction in the premises. The record also showed that the demurrer had been sustained by the court and the bill dismissed. This record was offered to show that the matter in controversy had been previously adjudicated by the court. The plaintiffs objected to the admission of this record and the court excluded it.

The following were among the points of the defendants with the answers of the court:

1. If the jury find from the evidence that Jacob Detrick, the

[Detrick v. Sharrar.]

ancestor of defendants, entered into a parol agreement with Jacob Sharrar for the purchase of his equitable interest in the lands in question, acquired by Sharrar under his article of agreement with Derickson & Henderson, whereby Sharrar sold to Detrick his interest in said lands under said contract, and that Detrick shortly thereafter and under and in pursuance of such parol agreement or understanding, entered into the possession of the said premises, and made valuable improvements thereon, and continued thereafter in possession and occupancy thereof under a claim of title derived from Sharrar, such parol sale of his, Sharrar's, interest in said contract, is not within the Statute of Frauds, and the verdict should be for the defendants.

Ans. "This point is affirmed as explained in the charge as to what constitutes a valid title under the Statute of Frauds."

3. If the jury should find from the evidence, as claimed by the plaintiffs, that Jacob Detrick took the title to said lands by parol, subject to a parol agreement on his part "that he should hold the lands in trust for the children of Jacob Sharrar," that such agreement having been made more than five years prior to the bringing of this action, the plaintiffs are not entitled to recover under it.

Ans. "This point is affirmed if you further find the parol contract established under the instructions as to what constitutes a valid parol agreement."

The court, Taylor, P. J., inter alia, charged:

"If Detrick did not enter in pursuance of this parol contract, then the contract would not be good; it would be void, for the reason that possession must be taken in pursuance of a parol contract, and if Detrick was in possession before that time, he did not take possession in pursuance of the contract, and the contract is void under the Statute of Frauds and Perjuries. So that so far as the possession of this land is concerned, if Jacob Sharrar was in possession of it five weeks prior to his death, and Detrick did not take possession in pursuance of this parol contract, then the contract is void. * * * And did Detrick take possession of this land in pursuance of a contract? Did he take an actual, open, notorious and exclusive possession of that land in pursuance of that contract? How is the evidence? It is for you. There must be still another thing to make a valid contract. There must be valuable improvements made upon the land, and these improvements must be of such value that they could not readily be compensated in damages. How is that? Have you any evidence before you of the value of the improvements made upon this land by Detrick? The evidence, as we understand it, is, that there has been some clearing—how much, has been left uncertain, so far as we remember the testimony. We do not remember how much land has been cleared. One of the boys built a house upon the land, but the value of it has not been given. Could not all the improvements upon this land be compensated

.[Detrick *v.* Sharrar.]

in damages? If so, the Statute of Frauds says it is void. We are left entirely in the dark as to the improvements so far as my recollection goes, but that is for you. If the improvements are so valuable that they could not be compensated it is fair to presume that it could be proven. Now so much for the parol contract. If these matters are not as stated, this parol contract so far as it is concerned, would be void under the Statute of Frauds and Perjuries, and the defendants would take no title to this land."

Verdict for plaintiffs, and after judgment thereon defendant took this writ and alleged that the court erred in rejecting the offer of the record of the equity suit, in their answers to the above points, and in the foregoing portions of the charge.

*John McKissick* and *J. H. Osmer*, for plaintiffs in error.—The court erred in their instruction as to what was necessary to take a parol sale out of the Statute of Frauds. In this case we have the full measure of what is required to take a case out of the statute, to wit, delivery of possession, payment of the full purchase-money and valuable improvements: Milliken *v.* Dravo, 17 P. F. Smith 230. The equity proceeding was an adjudication of the same cause of action and a bar to plaintiffs' claim.

*C. Hasbrouck* and *McCalmont & Osborne*, for defendants in error.—The charge of the court in relation to the parol sale is fully sustained by the authorities. A judgment or decree is not an estoppel unless it was decided on the merits : Keller *v.* Commonwealth, 1 Am. Law Jour. 156; Fleming *v.* Ins. Co., 2 Jones 391; Greenl. on Ev., 13 ed., vol. 1, p. 572, sect. 530 ; Whart. on Ev., vol. 2, p. 782 ; Doe *v.* Oliver, Duchess of Kingston, 2 Sm. Lead. Cas., 6th ed., p. 789, 808 and 809, marginal pages 677 and 673.

Mr. Justice Trunkey delivered the opinion of the court, November 8th 1880.

In 1853 Jacob Sharrar bought the land by articles of agreement, paid a small portion of the purchase-money, gave his bond with Jacob Detrick as surety for the balance, took and kept possession till his death in 1857. With full knowledge of Sharrar's equitable title, Jacob Detrick paid the balance of purchase-money and took deed to himself dated April 21st 1869. . Being liable as surety, it was reasonable that he should so pay and take the title. Soon after Sharrar's death, Detrick took possession and .used the land as his own until 1876, when he died.

After taking the deed Detrick stood in the place of the vendors who sold to Sharrar, and on its face and the written contract he was bound to convey on payment to him of the purchase-money: Donovan *v.* Driscoll, 12 Norris 509. He knew he took only the

legal title. His rights were those of a vendor who had peaceably got possession from his vendee; and on performance by the vendee of his part of the agreement, he would be entitled to recover possession. The plaintiffs, as heirs of Sharrar, are invested with such title as he had; and the defendants, devisees of Detrick, hold his title, but in no sense are innocent purchasers. As the cause was tried, there is no question but Detrick had fully reimbursed himself for the purchase-money by sales of land not embraced in the suit, but a part of that in his deed.

The first ground of defence is, a parol sale by Sharrar to Detrick. What is the actual proof of an oral contract? Mrs. Fox testifies, that about five weeks before Sharrar's death, he "told Detrick to take the land and do the best he could, for he could not pay for it; if he would pay for it, it was his, and to try and raise the children." That is all. Detrick did not reply. His conversation with his neighbors after the death of his son-in-law does not indicate that he had purchased from Sharrar; but those conversations, as proved, cast scarcely any light on the question. His possession, cultivation and improvements for a long time make little as against his young grandchildren. This is not a case for relaxing the strictness of proof of the alleged oral contract because of the lapse of time. As applied to the testimony, we find no error in the instructions of the court in answer to defendants' first point.

The parol contract set up not being established by the verdict, no question arises under the Act of 1856. Hence, the second specification of error requires no remark.

The second ground of defence is, former recovery; and it is urged that error was committed in rejecting the record in case of Sharrar and others against Detrick and others, in equity. That record shows that the bill relates to the same subject of this suit, but as it did not set out a case entitling the plaintiffs to relief, the defendants demurred. Among the causes for demurrer were misjoinder of parties, full and adequate remedy at law, bar of the Statutes of Limitations to part of the claim, and want of jurisdiction to another part. The judgment is, "that said demurrer be and is sustained, and the said bill be dismissed with the costs to be paid by the plaintiffs." Is this decree a dismissal of the bill upon its merits? If so, by all authority, it is conclusive between the same parties upon the same matter directly in question in another court.

It has been stated, as a general rule, that a decision in favor of the defendant on a demurrer at law or to a bill in equity, is simply a decision that the plaintiff has not set forth a case entitling him to relief or compensation. It does not, and in the nature of things, cannot determine that he has no case, and shall not have relief in a subsequent proceeding on grounds different from those disclosed in the first. Several persons joined in a petition which was dis-

[Detrick *v.* Sharrar.]

missed on demurrer, the judgment being that the demurrer be sustained, the petition dismissed, and that defendant recover his costs. Afterwards, one of the same plaintiffs filed a petition for the same subject-matter valid and sufficient to entitle her to relief. The former recovery was set up as a bar. But the court said : " That judgment merely pronounced the former petition insufficient. It decided that the case as presented by that petition was without merit, and to that. extent only can it be said to have been a decision upon the merits. But the facts set out in the subsequent case have never been litigated or passed upon in any way, and it is therefore illogical and an abuse of terms to say that the judgment relied upon is a judgment upon the merits of the present case, and for that reason must operate as a bar to any relief :" Birch *v.* Funk, 2 Met. (Ky.) 544. A judgment sustaining a demurrer to a petition for want of form and of proper parties merely decides that the suit cannot be sustained in that form against these parties, and it is not a bar to another suit for the same cause of action : Nickelson *v.* Ingram, 24 Tex. 630. When it appears that the bill was dismissed on the hearing of the case, it is to be inferred that it was upon the merits ; but when not upon the hearing, if the record does not show, and it is not proved that dismission was upon the merits, there is no bar : Loudenback *v.* Collins, 4 Ohio N. S. 251.

At law a judgment of nonsuit is no bar to another action for the same cause. So, if the plaintiff mistake the form of his action and his writ be adjudged bad on demurrer, the judgment will not bar an action in proper form. So, if the plaintiff mistake his cause of action and the defendant demur and have judgment, this will not preclude a fresh action setting forth the right cause. So, also, if the declaration be demurred to and judgment sustaining the demurrer because of the insufficiency of the declaration, it will not estop the plaintiff to bring another action to enforce the same right ; because the case as stated in the last declaration was not tried in the first. In these and like cases, if the defendant plead the former recovery in bar, the plaintiff may reply that it was not obtained on the merits : Wilbur *v.* Gilmore, 21 Pick. 250. Like principle should apply wherever a decree in equity not obtained on the merits is pleaded in bar to an action.

We are of opinion that the record offered showed on its face that the decree was not on the merits, even of the case presented. But further, the gravamen of the charge in the bill was an alleged verbal agreement between Jacob Sharrar and Jacob Detrick. As set out, it was insufficient to entitle the plaintiffs to relief. In this suit they claim an equitable title under a written contract, and rest thereon—they allege no oral agreement. In every view the merits of the claim in this suit were not passed upon in the former.

Judgment affirmed.