# Birch *v.* Andrew's Mill Company, Appellant.

*Sale—Contract—Satisfactory to buyer.*

1. Where an agreement is to make and deliver a machine to the satisfaction of the purchaser, the latter, acting in good faith, and not from mere caprice, may refuse to accept it, if for any reason, it is really not satisfactory to him; but this rule does not apply where the purchaser refuses to set up the machine and returns it without giving it any trial whatever.

*Res judicata—Demurrer—New suit—Practice, C. P.*

2. A judgment sustaining a demurrer is not res judicata to a second suit on the same cause of action, where the plaintiff has paid the costs of the first suit.

Argued Oct. 15, 1912. Appeal, No. 48, Oct. T., 1912, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1910, No. 470, on verdict for plaintiff in case of Arthur Birch, trading as The Arlington Machine Works, v. The Andrew's Mill Company. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for a machine sold and delivered. Before AUDENRIED, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $798. Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*Allen M. Stearne*, for appellant.—The appellee adroitly changed the appellant's offer from a "sale on trial" to

a "sale and return," and in addition thereto affixed certain conditions to the right to return (and stipulated his terms), as to all of which appellee never assented, either by act or deed: Royal Ins. Co. v. Beatty, 119 Pa. 6; Ins. Co. v. Johnson, 23 Pa. 72; Allen v. Kirwan, 159 Pa. 612.

*John Weaver,* for appellee.—All of the decisions in Pennsylvania require that the rejection of any article purchased in this way must be in good faith and not out of mere caprice: Seeley v. Welles, 120 Pa. 69; Waymart Water Company v. Waymart Borough, 4 Pa. Superior Ct. 211; Sidney School Furniture Company v. Warsaw School Dist., 130 Pa. 76.

When a case has not been passed upon on its merits, such a judgment or decree will not constitute a bar to the second suit: Carmony v. Hoober, 5 Pa. 305; Fleming v. Insurance Company of Pennsylvania, 12 Pa. 391; Haws v. Tiernan, 53 Pa. 192; Vought v. Sober, 73 Pa. 49; Follansbee v. Walker, 74 Pa. 306; Detrick v. Sharrar, 95 Pa. 521; Weigley v. Coffman, 144 Pa. 489; Blood v. Crew Levick Company, 177 Pa. 606; Wistar v. McManes, 54 Pa. 318.

OPINION BY MORRISON, J., December 9, 1912:

This is an action of assumpsit brought to recover the price of an Arlington cloth opener and folder which the plaintiff alleged he sold and delivered to the defendant in October, 1909. The learned court below submitted the case to the jury and the result was a verdict in favor of the plaintiff for $798, it being the contract price of the machine, with interest.

The appellant's learned counsel has filed twenty-two specifications of error and on examination of the same we conclude that they are all in violation of the rules of this court, with the exception of the third, fourth, fifth, sixth, seventh and eighth, and, therefore, sixteen of said specifications will not be considered. The serious fault with the specifications, not considered, is that they do not

quote ipsissimis verbis what the learned court said in regard to each of said specifications: Superior Court Rule XV and Supreme Court Rule XXVII.

But we have carefully considered the case on its merits and have reached the conclusion that the specifications do not raise reversible error. The plaintiff's declaration is in assumpsit and sets up a claim of $700, with interest thereon, for the alleged contract price of an Arlington cloth opener and folder sold and delivered to the defendant in October, 1909, upon a contract which arose out of a series of letters passing between the parties between September 4 and September 15, 1909.

The letter of September 4 was from the defendant to the plaintiff and contained the following:

"Kindly send us particulars and price of the Arlington Cloth Opener and Folder and oblige."

Next was a letter of September 7, from the plaintiff to the defendant in part as follows:

"We are in receipt of your esteemed favor of September 4th and we shall be pleased to furnish you with a cloth opening machine and a folding machine, for $700.00, packed and delivered at our works. . . . The price quoted also includes our personal services in directing your men in the setting up of the machines."

Next was a letter of September 13, from the defendant to the plaintiff containing the following:

"Kindly send us the following, viz.: One (1) Cloth Opening and Folding Machine, price $700.00, to be sent on trial for 30 days. Kindly specify terms in acknowledgment."

Finally, was a letter of September 15, from the plaintiff to the defendant containing the following:

"In response to your request we beg to say that the price of this machine is $700 packed and delivered at our works. The machine will be set up by your own men, under our personal direction, and after it is started, we are perfectly willing that you try it for 30 days.

"If the machine does not open your cloth in a satisfac-

tory manner you have the privilege of returning it to us within 30 days from the time the machine is started. If the machine is found to be satisfactory, payment for the same is to be made sixty days from delivery as shown by date of our bill."

At the trial the plaintiff claimed that the machine was duly constructed and delivered to the defendant and was in the actual possession of the latter from October 16 to October 29, 1909, without any complaint or any refusal to receive the same, when, on October 29, 1909, without unpacking the boxes or packages in any way and without setting up the machine and giving it any trial, the defendant shipped the machine back to the plaintiff. The plaintiff testified that having manufactured the machine for the defendant he notified the latter not to ship it and that he would not accept it if it was shipped. Plaintiff did not accept the machine and it was subsequently sold for storage in Boston and the defendant, the Andrew's Mill Company, bought it.

It appears from the testimony that the machine was sold and delivered in Massachusetts and it would appear to be a contract of that state, and it is argued, and some Massachusetts cases cited, on the theory that the legal questions must be determined under the laws of that state, but we find no proof in the record as to what the Massachusetts law is and therefore it is our duty to assume that it is the same as the Pennsylvania law on the questions involved. If, however, the transaction was a sale and delivery of the machine it seems clear, under the authorities of both states, that a delivery to the transportation company in Boston was a delivery to the consignee, the defendant. By the terms of the contract it was expressly stipulated that the price was $700 to be paid in sixty days and the condition attached, as stated in plaintiff's letter of September 15, 1909, as we construe it, was not a condition of the sale at all. The sale and delivery was complete, but the plaintiff gave the defendant the right and privilege of returning the machine within thirty

days after it was set up and started, provided it did not open the cloth in a satisfactory manner.   The precise question raised is, therefore, could the defendant order the machine and receive it on the terms stated in the letter of September 15, 1909, and retain possession of it from October 16 to October 29, 1909, and then refuse to set up the machine and give it a trial and escape liability for the payment of the purchase money?   We are of the opinion that the conceded facts above referred to rendered the defendant liable to pay for the machine.   In Singerly v. Thayer, 108 Pa. 291, it is said in the opinion of the Supreme Court (page 299): "It is claimed that the elevator was rejected before it was finished, and if time had been given, it would have been made satisfactory.   If in fact it was rejected before it was substantially completed, so that the plaintiff in error could not reasonably determine whether it was or would be satisfactory to him in all respects, then his rejection was prematurely made and under the pleadings would not constitute a bar to the action."   The action in that case was assumpsit and the recovery was for the contract price of the elevator.

The decisions in Pennsylvania are quite numerous to the effect that the rejection of any article purchased on a contract that it should be satisfactory to the purchaser and the latter rejects the same, he must act in good faith and not out of mere caprice.   See Seeley v. Welles, 120 Pa. 69; Sidney School Furn. Co. v. Warsaw School District, 130 Pa. 76.   In the latter case it is said in the opinion of the Supreme Court (p. 93): "It is undoubtedly true, when the agreement is to make and deliver an article to the satisfaction of the person for whom it is made, the latter, acting in good faith, and not from mere caprice, may refuse to accept if, for any reason, it is really not satisfactory to him: Singerly v. Thayer, 108 Pa. 291; Seeley v. Welles, 120 Pa. 69.   But when the refusal to receive is made before an actual bona fide inspection of the article, or before an opportunity is had to judge of its quality or merits, no such rule could obtain; for it would be impossible, in

such a case, to decide whether the article is satisfactory or not."

In the present case the machine was manufactured for the defendant, and while it is true that the latter was to have the privilege of returning the machine after thirty days' trial, if it proved unsatisfactory, yet by refusing to try the machine the right to return the same and escape the payment of the purchase price was lost. We think the undisputed evidence in the present case shows an executed contract and therefore the plaintiff was entitled to recover, in assumpsit, the contract price of the machine.

As to the appellant's argument that the sustaining of the appellant's demurrer in the first suit is a bar to the present action, it is sufficient to say that we do not think the question is sufficiently raised by any valid assignment of error, but, however that may be, we understand that in the first suit the demurrer was sustained and the plaintiff paid the costs and brought a new suit, and we know of no authority to the effect that such disposition of the former suit will operate as a bar to the present one: Carmony v. Hoober, 5 Pa. 305; Detrick v. Sharrar, 95 Pa. 521; Weigley v. Coffman, 144 Pa. 489. It is perfectly apparent that the first suit did not try and determine the question in controversy in the present one. The first was decided on a technicality and did not touch the merits of the present controversy.

The assignments of error are all overruled and the judgment is affirmed.