418 A.2d 411

**FRED LOWENSCHUSS ASSOCIATES, Appellants,**

**v.**

**Mildred Wise DePALLO, Peter Anthony DePallo, Arlene Frances DePallo, Mildred Ann DePallo, Diane DePallo, and Carol Joy DePallo.**

Superior Court of Pennsylvania.

Submitted June 12, 1979.

Filed Jan. 11, 1980.

Fred Lowenschuss, Philadelphia, for appellants.

Richard D. Winters, Norristown, for appellees.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

STRANAHAN, Judge:

This case raises three procedural issues which arise from a rather complicated factual and procedural background. These background facts must be set forth in some detail in order to fully understand the questions presented.

In 1974 Mildred Wise DePallo retained the services of the plaintiffs' law firm on a contingent fee arrangement to represent her in filing an election against the will of her husband, Anthony J. DePallo. Plaintiffs also agreed to attempt to obtain support for Mrs. DePallo from her five grown children,[1] Peter, Arlene, Mildred Ann, Diane and Carol Joy DePallo, who were the primary beneficiaries under the terms of the will.

After plaintiffs had invested considerable effort in prosecuting her claim, Mrs. DePallo, apparently at the urging of her children, withdrew her election against the Estate of Anthony J. DePallo leaving the plaintiffs with no money to show for their efforts. This course of action prompted the present lawsuit.

In May, 1976, plaintiffs filed their original complaint in this action. It consisted of two counts, a count in assumpsit and a count in trespass. The first count in assumpsit named Mildred Wise DePallo and all of her five children as defendants. This count as against Mrs. DePallo was based on the breach of the contingent fee agreement. As to the children, the first count in assumpsit was premised on their obligation to pay for necessary services rendered on behalf of their

---

* President Judge John Q. Stranahan of the Court of Common Pleas of Mercer County, Pennsylvania, and Judge Leonard Sugerman of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. All of these children, along with their mother, Mildred Wise DePallo, are named defendants in the present case.

indigent mother by the plaintiff law firm in pursuing her claim against the estate.

The second count in trespass, which named only the five children as defendants, claimed they tortiously interfered with the attorney-client relationship which existed between plaintiffs and Mrs. DePallo.

Preliminary objections to this complaint were filed on behalf of Mildred Wise DePallo and also Arlene, Peter, Mildred Ann, Diane and Carol DePallo in August, 1976. After argument before the Court of Common Pleas of Montgomery County, sitting en banc, the following order was entered:

AND NOW, this 22nd day of December, 1977, after arguments before the Court en banc, defendants' Preliminary Objections to First Court in Assumpsit of plaintiff's Complaint are sustained; and accordingly, the First Court in Assumpsit of plaintiff's Complaint is dismissed.

Defendant's Preliminary Objections to Second Count in Trespass of plaintiff's Complaint are sustained. Accordingly, plaintiff is granted twenty (20) days from the date hereof within which to file an Amended Complaint with respect to the Second Count.

Subsequently, on January 11, 1978, plaintiffs filed an amended complaint against all named defendants. It was divided into three counts: A first count in Trespass against the children for tortious interference with contract; a second count in Assumpsit naming only Mrs. DePallo, for recovery in quantum meruit for the value of legal services rendered and costs advanced; and a third count in Assumpsit against the children only, based on their obligation to pay for necessary services rendered by plaintiff to their mother.

On January 31, 1978, defendants filed preliminary objections to the amended complaint. After argument before the court en banc, an order was entered on November 13, 1978 sustaining the preliminary objections of defendant Mildred Wise DePallo and dismissing the amended complaint as to

her;[2] sustaining the preliminary objection in the nature of a demurrer, on behalf of the children to the third count in assumpsit; and sustaining the preliminary objection in the nature of a motion for a more specific complaint, on behalf of the children to the first count in Trespass. It is from that determination that plaintiffs appeal.

In the present appeal, plaintiffs raise three issues for our consideration: (1) Is the cause of action for recovery in quantum meruit against defendant Mildred Wise DePallo barred by *res judicata* because the court below had previously dismissed the original complaint as to her? (2) Is recovery against the children based on their obligation to pay for necessary services provided to their mother barred by *res judicata* where the court below had previously dismissed a similar count in the original complaint? (3) Did the court below err by requiring the plaintiff to again amend his complaint against the remaining defendants?

Appellants first contend that the lower court erred in dismissing the action against defendant Mildred Wise De-Pallo based on *res judicata* because the first count in Assumpsit naming her as a defendant in the original complaint is different from the second count of the amended complaint, in which she is also named as a defendant. Appellant asserts that because the new count mentions a theory of recovery in "quantum meruit", names only Mrs. DePallo as a defendant and contains detailed allegations with respect to the services rendered, that it is substantially different from the cause of action brought against Mrs. DePallo in the original complaint.

We believe, however, that the lower court was correct in dismissing the amended complaint as to Mrs. DePallo based on *Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970). *Catanese* holds that when a defendant's preliminary objections in the nature of a demurrer are sustained and the complaint dismissed, there is an appealable final order and to prevent the cause of action from being barred by *res*

---

2. That is the order dismissed the second count in Assumpsit which named Mrs. DePallo as defendant.

*judicata,* the order must be appealed within the prescribed period. The opinion also points out that the cause of action which is barred does not consist of facts but of the unlawful violation of a right which the facts show. See also *Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977), *Hudock v. Donegal Mutual Insurance Co.,* 438 Pa. 272, 264 A.2d 668 (1970).

▌ This is exactly what happened in the instant case, when the defendants' preliminary objections in the nature of a demurrer were sustained and the complaint against Mildred Wise DePallo dismissed, plaintiff's cause of action against her for legal services rendered in her behalf was extinguished when they failed to appeal that final order. Plaintiff did not plead a new cause of action against Mrs. DePallo by inserting the words "quantum meruit" and the additional facts in the amended complaint because the right for which they were seeking recovery is identical to that set forth in the original complaint, namely a breach of the employment agreement. See *Catanese v. Scirica,* supra; *Lampl v. Latkanich,* 210 Pa.Super. 83, 231 A.2d 890 (1967).

Further, we find that the lower court's order sustaining the preliminary objections of the defendants and dismissing the count against Mildred Wise DePallo should have made it clear to plaintiffs that they were put out of court as to that defendant.

The plaintiffs were told twice by the order, as recited above, that they were out of court as to Mrs. DePallo; first the count against her was dismissed, second, the right to amend was granted only as to the second count, in which she was not named as a defendant. If plaintiffs felt, as they state in their brief, that the order was ambiguous, they should have taken it upon themselves to make inquiry as to the effect of the order on their rights against Mildred Wise DePallo.

Plaintiffs may very well have stated a valid cause of action against Mrs. DePallo in their original and amended complaints. However, that question is not now before this

Court because of plaintiff's failure to timely appeal the lower court's order.

Appellant next asserts that the cause of action against the children based on their obligation to pay for necessary services provided to their mother is not barred by the doctrine of *res judicata.*

■ Although the lower court relied on *Catanese v. Scirica,* supra, in also dismissing the amended complaint in assumpsit against the DePallo children, the propriety of that action is not properly before the Court at this time because, as to the children, the lower court's order was interlocutory and therefore not the proper subject of review. As held in *J. A. & W. A. Hess, Inc. v. Hazle Township,* 465 Pa. 465, 350 A.2d 858 (1976), until the rejection of a particular legal theory or theories of recovery puts the plaintiff out of court on his cause of action against the demurring defendant, no final order has been entered and no appeal may be filed. An order is not final unless it terminates litigation between the parties to a suit by precluding further action upon the suit in that court. *Lane v. Schacht,* 260 Pa.Super. 68, 393 A.2d 1015 (1978).

■ In the instant case the plaintiffs were still able to pursue their claim against the DePallo children based on the count in trespass which alleged tortious interference with the attorney-client relationship. Hence, the order of the lower court was interlocutory as to those defendants and is not the proper subject for review at this time.

■ Likewise, we refuse to consider the question of whether the court below erred in sustaining defendants' motion for a more specific complaint since it is an interlocutory order and therefore not appealable. *Herman v. Harborcreek Township,* 458 Pa. 202, 321 A.2d 653 (1974). This is not a case where it would be appropriate for this Court to assume pendent jurisdiction over this issue in view of the

disposition of the other issues raised on this appeal. Therefore, we affirm in whole the order of the lower court dated November 13, 1978.

SPAETH, J., files a concurring opinion.

SPAETH, Judge, concurring:

Appellants argue, among other things, that their assumpsit action against Mildred Wise DePallo is not res judicata because the lower court's dismissal of count one of their original complaint did not constitute a judgment on the merits of the assumpsit action. Under older cases this argument is colorable. *See Detrick v. Sharrar*, 95 Pa. 521, 526 (1880); *Birch v. Andrew's Mill Co.*, 52 Pa.Super. 193 (1912); Restatement of Judgments § 50, Comments c and d (1942). More recently, however, some courts and commentators have taken the position that a judgment for a defendant on a motion to dismiss a complaint for failure to state a cause of action should bar a second action on the same claim since under modern rules of procedure the plaintiff has the opportunity to amend the original complaint to cure fatal defects. *See* Restatement (Second) of Judgments, Reporter's Note § 48, Comment d at 42–43 (Tent. Draft No. 1, 1973) (collecting authorities). *Catanese v. Scirica*, 437 Pa. 519, 263 A.2d 372 (1970), appears to be in line with the position taken in the Second Restatement. Recognizing, however, that *Catanese* does not explicitly overrule the older cases, I have considered appellants' claim in light of *Detrick* and *Birch*, and find the claim wanting. The changes made in appellants' amended complaint in their assumpsit action against Mildred DePallo are superficial. Because the material allegations in the amended complaint are identical to the allegations in the original complaint, even under the older law the lower court's prior determination concerning the sufficiency of those allegations in stating a cause of action is res judicata. Restatement of Judgments § 50, Comments c and d (1942).