462 A.2d 286

**Louis A. CANULLI and Elizabeth Canulli, his wife, and all others similarly situated, Appellants,**

**v.**

**ALLSTATE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued March 25, 1981.

Decided June 17, 1983.

Petition for Allowance of Appeal Denied Nov. 14, 1983.

462

Richard C. Angino, Harrisburg, for appellants.

Duane C. Quaini, Harrisburg, for appellee.

Before PRICE,* WIEAND and LIPEZ, JJ.

WIEAND, Judge:**

Louis and Elizabeth Canulli have appealed from an order which granted a partial summary judgment in favor of Allstate Insurance Company in an action brought by the Canullis to recover a fire loss. The order appealed from does not terminate the litigation or prevent appellants from litigating their claim for moneys allegedly due under the terms of the insurance policy issued by Allstate. Such an order is not final but interlocutory. Therefore, this Court lacks jurisdiction, and the appeal must be quashed.

The policy issued by Allstate and providing coverage for appellants' dwelling house was a deluxe homeowners' policy and provided for payment of the "actual cash value" in the event of damage or destruction by fire or other enumerated peril. "Actual cash value" is the actual cost of repair or replacement less depreciation. See: *Farber v. Perkiomen Mutual Insurance Company*, 370 Pa. 480, 481–482, 88 A.2d 776, 777 (1952); *Patriotic Order Sons of America Fire Hall Assn. v. Hartford Fire Insurance Co.*, 305 Pa.

---

* PRICE, J., did not participate in the consideration or decision of this case.

** The preparation of an opinion in this appeal was reassigned to the writer on February 11, 1983.

107, 112, 157 A. 259, 260 (1931); Anno., Depreciation as Factor in Determining Actual Cash Value For Partial Loss Under Insurance Policy, 8 A.L.R. 4th 533 (1981). Under certain circumstances the policy also obligated the insurer to pay "replacement costs." This is the actual cost of repair or replacement without deduction for depreciation. See: *Reese v. Northern Insurance Company of New York*, 207 Pa.Super. 19, 215 A.2d 266 (1965); *Higgins v. Insurance Company of North America*, 256 Or. 151, 163, 469 P.2d 766, 774 (1970); Anno., Construction and Effect of Provision of Property Insurance Policy Permitting Recovery of Replacement Cost of Property, In Excess of Actual Cash Value, 66 A.L.R.3d 885 (1975). Liability for replacement costs, however, could not exceed actual expenditures made in rebuilding and did not accrue "unless and until actual repair or replacement [was] completed."

On January 26, 1978, appellants' home was destroyed by fire. Proof of loss was submitted, and "actual cash value" of the dwelling was determined to be $45,000. This amount was paid by Allstate without prejudice to appellants' rights under the policy to claim additional sums in accordance with the "replacement cost" feature of the policy. Appellants made demand upon Allstate for the sum of $15,000 under the replacement cost coverage of their policy which Allstate refused to pay until appellants completed the repair or replacement of their home.

The Canullis commenced an action against Allstate to recover this additional sum, together with the cost of additional temporary housing.[1] The complaint contained averments that Allstate's practice of refusing to pay "replacement cost" until there had been actual repair or replacement was (1) contrary to the terms and conditions of the policy, (2) contrary to the laws of Pennsylvania, and/or (3)

---

1. Allstate had paid appellants' temporary housing costs for *several* months following the fire, but denied liability for any additional housing costs on the grounds that coverage was limited to the lesser of (a) the time required, in the exercise of due diligence and dispatch, to repair or replace the property or (b) the time required for the insured's household to become settled in permanent quarters.

based upon policy provisions which had not been disclosed or explained to the Canullis. By other averments of the complaint, the Canullis sought to represent a class consisting of all Pennsylvania residents insured under fire insurance policies written by Allstate who (1) had suffered compensable fire losses within six years of the filing of the complaint and (2) suffered compensable fire losses in the future. They requested that the court enjoin Allstate (1) from withholding payments of replacement costs more than 60 days after proofs of loss were submitted, (2) from depreciating losses resulting from fire, (3) from withholding payments for additional living expenses, and (4) requiring Allstate to pay interest on all amounts withheld beyond 60 days after proofs of loss were received. They also sought punitive damages, costs and attorneys' fees.

It is unnecessary to a comprehension of the instant appeal and the issues sought to be raised thereby that we recite all the many pleadings that followed the filing of the initial complaint. Suffice it to say that ultimately the Canullis filed a third amended complaint, to which Allstate filed an answer containing "new matter"; and the Canullis filed a reply. Thereafter, Allstate filed a motion for partial summary judgment, and the trial court entered an order staying any proceedings to certify the class pending resolution of the motion for partial summary judgment.

On February 13, 1980, after the motion for partial summary judgment had been fully argued, the trial court filed an opinion and entered an order as follows:

AND NOW, this 13th day of February, 1980, summary judgment is granted in defendant's favor that:

1) the practice of the defendant Allstate Insurance Company of requiring actual repair or replacement prior to its making any payment in excess of the actual cash value of the insured property at the time of the loss up to the policy limits is, as a matter of law, consistent with the terms and conditions of the policy issued by defendant to plaintiff;

2) the policy issued by defendant to plaintiff which contained as one of its express conditions a requirement that actual repair or replacement be completed prior to the defendant making any payments in excess of the actual cash value of the insured property at the time of the loss is, as a matter of law, consistent with the applicable statutory law set forth in the Act of Aug. 23, 1961, P.L. 1081, § 1, 40 P.S. 636 and the judicial law interpreting it.

Summary judgment on the grounds that the Canullis were bound by the provisions of the policy because one who accepts a policy of insurance is charged with knowledge of its terms and conditions was denied. The court held that "under certain circumstances when the insurer by its conduct creates expectation on the part of the insured concerning coverage, it cannot rely solely upon provisions of the policy to deny coverage. In the instant case plaintiffs assert that [Allstate's] promotional literature received by plaintiffs in the mail was misleading and that on this basis they can recover beyond the strict terms of the policy. Under these circumstances factual issues exist which preclude granting [Allstate's] third request for summary judgment."

■ It seems apparent that the order of the trial court granting partial summary judgment did not terminate the litigation between the parties or preclude appellants from litigating their cause of action against the appellee insurer. They have not been prevented from pursuing their claim for the difference between "replacement cost" and "actual cost," and they have not been put out of court on their claim for additional costs of temporary housing. The effect of the trial court's order was merely to hold that two of several theories were lacking in merit and could not be pursued upon a trial of the cause. Such an order is interlocutory. It is not final and appealable. See: *Schaefer v. American States Insurance Co.*, 272 Pa.Super. 67, 414 A.2d 672 (1979). See also: *Praisner v. Stocker*, 313 Pa.Super. 332, 459 A.2d 1255 (1983) and cases there cited. "Were

we to hold that the trial court's ruling rejecting [two of plaintiff's theories of recovery], while also requiring the parties to proceed to trial on a theory of contract arising out of the same transaction, is a final order from which an appeal must be taken, many potential problem areas would arise. If the time for filing an appeal would begin to run against a litigant whenever the trial court refused to consider a suggested legal theory of recovery, a litigant would need to file appeals at various stages of a law suit. *Unless and until the rejection of a particular legal theory, or theories of recovery puts the plaintiff out of court on his cause of action against the ... defendant, no final order has been entered and no appeal may be filed. Hudock v. Donegal Mut. Ins. Co.,* 438 Pa. 272, 264 A.2d 668 (1970); *Catanese v. Scirica,* 437 Pa. 519, 263 A.2d 372 (1970) ...." *J.A. & W.A. Hess, Inc. v. Hazle Township,* 465 Pa. 465, 470–471, 350 A.2d 858, 861 (1976) (emphasis supplied). Accord: *Fred Lowenschuss Associates v. De Pallo,* 274 Pa.Super. 290, 296, 418 A.2d 411, 414 (1980). See also: *Pugar v. Greco,* 483 Pa. 68, 73–74, 394 A.2d 542, 545 (1978); *Praisner v. Stocker, supra* 313 Pa.Super. at ——, 459 A.2d at 1261; *Samuels v. Hendricks,* 300 Pa.Super. 11, 18, 445 A.2d 1273, 1277 (1982); *Bracken v. Bracken,* 294 Pa.Super. 371, 373, 439 A.2d 1247, 1247–1248 (1982); *Mitchell v. Center City Cadillac,* 287 Pa.Super. 350, 353, 430 A.2d 321, 322 (1981); *Giannini v. Foy,* 279 Pa.Super. 553, 556, 421 A.2d 338, 339 (1980).

■■■■ Appellants argue that the trial court's order was final and appealable as "the putative class members ... have a right to appeal the court's dismissal of their potential claims...." It is correct, of course, that an order *denying* class certification is a final and appealable order. *Bell v. Beneficial Consumer Discount Co.,* 465 Pa. 225, 348 A.2d 734 (1975); *Janicik v. The Prudential Insurance Company of America,* 305 Pa.Super. 120, 126 n. 1, 451 A.2d 451, 454 n. 1 (1982); *Haft v. United States Steel Corpora-*

*tion,* 305 Pa.Super. 109, 113 n. 2, 451 A.2d 445, 447 n. 2 (1982); *ABC Sewer Cleaning Company v. Bell of Pennsylvania,* 293 Pa.Super. 219, 225 n. 3, 438 A.2d 616, 619 n. 3 (1981). The order here sought to be appealed, however, did not deny class status. A determination on the status of the class has not yet been made. Rule 1707 of the Rules of Civil Procedure[2] requires that the motion for certification in a class action be filed within thirty days after the close of the pleadings. In the instant case, however, the trial court, pursuant to authority contained in Pa.R.C.P. 1707(b), stayed all class action aspects of the litigation pending resolution of appellee's motion for summary judgment. Rule 1715 of the Rules of Civil Procedure provides that any judgment entered in a class action suit prior to certification of the class is binding only upon the named parties.[3] The putative

2. Pa.R.C.P. 1707 provides:
   **Motion for Certification of Class Action. Time for Filing. Hearing**
   (a) Within thirty (30) days after the pleadings are closed or within thirty (30) days after the last required pleading was due, the plaintiff shall move that the action be certified as a class action. The court may extend the time for cause shown. If the plaintiff fails to move for certification, the court if so notified shall promptly set a date for a certification hearing.
   (b) The court may postpone the hearing to a later date pending the disposition of other motions or to permit discovery with respect to the class action issues.
   (c) The hearing shall be limited to the Class Action Allegations. In determining whether to certify the action as a class action the court shall consider all relevant testimony, depositions, admissions and other evidence.

3. Pa.R.C.P. 1715 provides:
   **Judgment**
   (a) Except by special order of the court, no judgment by default or on the pleadings or by summary judgment may be entered in favor of or against the class until the court has certified or refused to certify the action as a class action.
   (b) A judgment entered on preliminary objections in a class action before certification shall bind only the named parties to the action.
   (c) A judgment entered in an action certified as a class action shall be binding on all members of the class except as otherwise directed by the court.
   (d) In all cases the judgment shall be framed by the court and shall specify or describe the parties who are bound by its terms.

members of the class are, therefore, unaffected by the order of the trial court entering partial summary judgment in favor of appellee. The parties affected by the order granting partial summary judgment are the appellant property owners and the appellee insurer. The partial summary judgment has not determined finally their respective rights and liabilities; these are yet to be litigated. The partial summary judgment has no effect upon and does not bind members of the potential class. Were we to allow an appeal under the circumstances of this case we would open the doors to appeals from many interlocutory orders. Appeals from orders entering partial summary judgment or dismissing one theory of a multi-theory complaint could be assured by the expedient of inserting class action averments in the complaint, even though there be no reasonable expectation that certification of the class will ever be granted.

The order appealed from in the instant case is not final either as to appellants or the members of the putative class they seek to represent. Although an appeal may be taken by permission from an interlocutory order pursuant to Chapter 13 of the Rules of Appellate Procedure, see: 42 Pa.C.S. § 702(b); Pa.R.A.P. 312, appellants did not seek certification of the order in the trial court pursuant to 42 Pa.C.S. § 702(b). We are constrained to conclude, therefore, that the appeal in the instant case was not properly taken and must be quashed.

Appeal quashed.