468 A.2d 515

UNITED STATES NATIONAL BANK IN
JOHNSTOWN, Appellant,

v.

Charles P. JOHNSON, Jr.; Martha Jane Johnson; Pennsylvania Energy Company; Linda Strick; CPJ, Inc.; Haws Refractories, Inc.; Bantam Four Cinemas, Inc.; Sheridan Trucking Company; Sheridan Trucking Company, Inc.; Charjim Corporation; Pennsylvania Energy Corporation; G. Gray Garland; and Sheridan Coal Company, Inc.

Superior Court of Pennsylvania.

Argued May 24, 1983.

Filed Nov. 25, 1983.

Petition for Allowance of Appeal Granted May 8, 1984.

David J. Kaltenbaugh, Assistant Public Defender, Johnstown, for appellant.

Lawrence L. Davis, Ebensburg, for Johnson, et al., appellees.

James Gerard Gordon, Pittsburgh, PA Energy, appellees.

Gary Lee Costlow, Johnstown, for Strick, etc., appellees.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

PER CURIAM:

On January 11, 1982, Appellant United States National Bank in Johnstown commenced an action in equity against various individuals, partnerships and corporations by filing a complaint containing averments of fact alleging violations of the Uniform Fraudulent Conveyance Act, Act of May 21, 1921, P.L. 1045, No. 379, § 1, 39 P.S. §§ 351 et seq. Counts Two and Four of the complaint contained allegations as to the involvement of Appellee G. Gray Garland, Pennsylvania

Energy Company, a partnership, and Pennsylvania Energy Corporation, a corporation, all of whom purportedly took part in the transactions of which appellant complains. On February 2, 1982, Appellee Garland, Pennsylvania Energy Company and Pennsylvania Energy Corporation filed preliminary objections. In his preliminary objection in the nature of a demurrer, Appellee Garland specifically stated that "Plaintiff's [Bank's] Complaint fails to allege any material facts sufficient to support a cause of action against Defendant Garland."[1] Appellee asked that the trial court "dismiss[ ] him as a party Defendant ...."

By order dated May 5, 1982, the trial judge, the Honorable Eugene A. Creany, sustained Garland's preliminary objection in the nature of a demurrer and dismissed him as a party defendant. On May 12, 1982, the Bank filed "Exceptions" to the order of May 5. These exceptions were heard by the court *en banc* which, by an opinion and order dated August 2, 1982,[2] upheld the trial judge's ruling of May 5, 1982. Upon praecipe of Garland, judgment was entered in his favor on the docket on October 5, 1982. Bank filed its notice of appeal on October 28, 1982.

This appeal is untimely and will be quashed. Although the order of May 5, 1982, sustaining appellee's preliminary objection in the nature of a demurrer applied to only one of the numerous parties, the order was final and appealable. *Love v. Temple University*, 422 Pa. 30, 220 A.2d 838 (1970); *Fred Lowenschuss Associates v. DePallo*, 274 Pa.Super. 290, 418 A.2d 411 (1980). The trial court's order "should have made it clear to plaintiff[ ] that [it was] put out of

---

**1.** Pennsylvania Energy Company and Pennsylvania Energy Corporation sought dismissal for failure to state a cause of action and alternative relief of an order compelling a more specific complaint. The trial judge overruled the first ground but granted the request for an order compelling a more specific pleading. These rulings are not currently before us for review.

**2.** The Honorable Joseph F. O'Kicki dissented only from that part of the opinion and order upholding Count Two of the Complaint as it applied to Pennsylvania Energy Company and Pennsylvania Energy Corporation. The decision to dismiss Garland as a party to this action was unanimous.

court as to that defendant." *Fred Lowenschuss Associates v. DePallo,* 274 Pa.Super. at 295, 418 A.2d at 413. "[S]uch action rendered definitive and final the order and an appeal therefrom would have been from a final order." *Love v. Temple University,* 422 Pa. at 33, 220 A.2d at 840. Appellant "could and should have taken an appeal from the previous order: the failure to do so renders the doctrine of *res judicata* applicable and precludes vacation of the order after the time of appeal has passed." *Id.* By continuing to seek redress before the trial court, using a procedure neither authorized nor supported by the Rules of Civil Procedure, appellant permitted the appeal period to run. *See Brown v. Kleinfelter,* 267 Pa.Super. 144, 406 A.2d 560 (1979). Consideration of appellant's substantive contentions with respect to the dismissal of G. Gray Garland as a party to the action is foreclosed.

Appeal quashed.