493 A.2d 782

**William G. DITCH and Rita C. Ditch**

**v.**

**YORKTOWNE MUTUAL INSURANCE COMPANY, Appellant.**

Superior Court of Pennsylvania.

Argued March 13, 1985.

Filed May 31, 1985.

Nevin Stetler, York, for appellant.

John R. Fernan, Ridgway, for appellees.

Before DEL SOLE, HESTER and FEENEY *, JJ.

DEL SOLE, Judge:

We are asked to interpret the language contained in a policy of insurance carried on Appellee's home after the home was partially destroyed by fire on November 17, 1982. Appellees completed repairs of the damaged portions of the home at a cost of $10,915. Incidental expenses amounted to an additional $1,551.89. Appellant offered payment for the incidental expenses but disputed the amount owed for repair costs. Both parties submitted pleadings to the court and moved for summary judgment based on the lack of any issues of material fact and on the terms of the insurance policy. The court granted summary judgment in favor of the insureds, Appellees, and this appeal followed.

The dispute arose over the following insurance provision:

* Judge John M. Feeney, of the Court of Common Pleas of Allegheny County, Pennsylvania, is sitting by designation.

2.   If at the time of the loss the amount of insurance in this policy on the damaged building is less than 80% of the full replacement cost of the building prior to the loss, we will pay the larger of the following amounts, but not exceeding the limit of liability under this policy applying to the building:

   a.   the actual cash value of that part of the building damaged;  or

   b.   that proportion of the cost to repair or replace, without deduction for depreciation, of that part of the building damaged, which the total amount of insurance in this policy on the damaged building bears to 80% of the replacement cost of the building.

█  The insureds, Appellees herein, carried the policy having a face value of $25,000.  They argued to the trial court that "replacement cost" should be interpreted as the market value of a similar structure in the neighborhood. Attached to their pleading was a list of selling prices of similar homes in the area ranging from $14,000 to $23,000. The court approved this reasoning and granted summary judgment in favor of Appellees.  Appellant argues that this interpretation of "full replacement cost" is contrary to the plain meaning of the policy of insurance and the law of Pennsylvania.  "Full replacement cost", Appellant claims, should be read as the cost of rebuilding the equivalent structure on the same premises as of the date of the fire with no depreciation deduction.  The cost to rebuild the home immediately prior to the date of the fire would have been $63,000.  Because the value of the policy was only $25,000, Appellant argues, the home was underinsured, and eighty percent of the full replacement cost would be $50,-000.  Therefore, Appellant claims liability under the co-insurance provision, i.e. for 50% of the expenses incurred in repairing the damaged home, which would be $5,392.30 plus the incidental expenses of $1,551.89.  The trial court, relying on the insured's interpretation, erred in finding that the eighty percent replacement value required was met by the insureds and by awarding them the entire cost of repairing

the home. Although interpretation of an insurance policy is a question of law for the court, *Timbrook v. Foremost Insurance Co.*, 324 Pa.Super. 384, 471 A.2d 891 (1984), a court may not "rewrite an insurance contract or construe clear and unambiguous language to mean other than what it says." *Blocker v. Aetna Casualty and Surety Co.*, 232 Pa.Super. 111, 114, 332 A.2d 476, 478 (1975). The operative issue is whether this provision is ambiguous. We find that it is not.

■ If this policy provision were ambiguous, reasonably intelligent men considering the provision in the context of the entire policy would honestly differ as to its meaning. *Patterson v. Reliance Insurance Companies*, 332 Pa.Super. 592, 596, 481 A.2d 947, 949 (1984). Under the law of Pennsylvania, the term "replacement cost" is not ambiguous, and the trial court erred in adopting an inconsistent interpretation.

Appellant maintains that "actual cash value", "replacement value and market value" have established and distinct definitions under Pennsylvania law. ' "Actual cash value" is the actual cost of repair or replacement less depreciation.' *Canulli v. Allstate Insurance Co.*, 315 Pa.Super. 460, 462 A.2d 286 (1983). *See: Farber v. Perkiomen Mutual Insurance Co.*, 370 Pa. 480, 481–82, 88 A.2d 776, 777 (1952). ' "Replacement cost" is the actual cost of repair or replacement without deduction for depreciation.' *Canulli, supra,* 315 Pa.Superior Ct. at 463, 462 A.2d at 287. *See: Reese v. Northern Insurance Co. of New York*, 207 Pa.Super. 19, 215 A.2d 266 (1965). The Supreme Court of Pennsylvania defined "market value" to mean:

Generally speaking, actual cash value does not mean market value, as the term is understood. Market value, as here urged, embodies what a purchaser is willing to buy and feels justified in paying for property which one is willing but not required to sell. Market value includes factors of time, place, circumstance, use and benefit; depreciation is included, but one figure is the result of these considerations, the price to be paid. Ordinarily

actual cash value has no relation to any of these factors; it is value under all times, such as the cost of manufacturing or building or book value. The policy intended something different from market value; the latter includes "depreciation," while the "actual cash value" of the policy is to be diminished by "depreciation". Actual cash value in a policy of insurance means what it would cost to replace a building or a chattel as of the date of the fire. *Fedas v. Insurance Co. of State of Pennsylvania,* 300 Pa. 555, 562, 151 A. 285 (1930).

Appellees persuaded the trial court to accept the term "full replacement cost" to mean the equivalent of market value or the cost to purchase a similar property or structure in the vicinity. This is not "replacement cost" as the term is defined in the quoted case law.

In *Reese v. Northern Insurance Co. of New York, supra,* a policy with very similar provisions as in this case was litigated. Plaintiff's home was totally destroyed by fire. The actual cash value of the home was determined to be $9,000.00 and was paid by the insurance company. The insureds sought to recover the difference between this sum and the replacement cost of the home, which was a depreciation factor of $4,230.47. The face value of the policy was $15,000. According to the policy terms, plaintiff was to receive the smallest amount of: the value of the policy, the replacement cost, or the actual amount expended in rebuilding. This Court found that plaintiffs were entitled to the replacement cost whether or not they rebuilt.

After citing the above case law, we cannot agree with the trial court's conclusion that "full replacement cost" is ambiguous.[1] Turning to the present facts, the cost to replace Appellee's home would be $63,261.00. Under the co-insurance provisions, approved by the Pennsylvania Supreme Court in *Farber v. Perkiomen Mutual Insurance Co.,* 370

1. Because the trial court found that the "full replacement cost" provision was ambiguous, the court was required to construe the ambiguity in favor of the insureds (as the nondrafting party). *Patterson v. Reliance Insurance Co.,* 332 Pa.Super. 592, 481 A.2d 947 (1984).

Pa. 480, 88 A.2d 776 (1952), would require Appellees to carry $50,608.80 worth of insurance on their home (80% of the full replacement cost). Appellees, with only $25,000 of insurance coverage, were underinsured for the home. Appellant, therefore, is correct in assessing its liability under the policy to be 50% of the cost to repair ($10,915.59) or $5,392.30.

Therefore, we affirm the granting of summary judgment in favor of the Appellees but reduce the amount of the judgment to $6,944.19 which includes $5,392.30, allowable cost of repairs, plus $1,551.89 recoverable incidental expenses. We make the adjustment since the amounts involved have been agreed to by the parties.

Judgment affirmed as modified. Jurisdiction relinquished.